### In re BECKER.

(District Court, E. D. Pennsylvania. December 16, 1899.)

#### No. 250.

**1. BANKRUPTCY—ASSETS—LIQUOR LICENSE.**

Where the laws of the state permit the transfer of a license for the sale of intoxicating liquor, subject to the approval of the buyer by the licensing authority, and such licenses have an actual money value for the purpose of sale and transfer, the right to sell a license of this kind will vest in the trustee in bankruptcy of the licensee, for the benefit of the estate, and the bankrupt will be required to execute the instruments necessary to effectuate the sale.

**2. SAME—RECEIVER—SALE OF PROPERTY.**

A receiver, appointed by a court of bankruptcy to take charge of the property of a bankrupt pending the election and qualification of a trustee, may be ordered to sell the property, or any part of it, when such a course is necessary for the preservation of its value, or a sale so made by him may be confirmed by the court.

In Bankruptcy. On exceptions to decision and order of referee in bankruptcy.

David Wessels, for bankrupt.

Greenwald & Mayer, for receiver.

McPHERSON, District Judge. Whatever may be the accurate description of a license to sell intoxicating liquor in Pennsylvania,—whether it be a personal privilege, merely, or a personal privilege and something more,—this much, at least, is certain: it has a money value, varying in different places, and for different reasons. The statutes of the state permit a license to be transferred, subject to the approval of the court of quarter sessions; and I regard it, therefore, as so far property, "which prior to the filing of the petition [a bankrupt] could by any means have transferred," that the right to sell it (I do not say the right to exercise it) will pass to the trustee. No doubt, there is a clearly visible distinction between a right to property and a mere personal privilege; but I see no abstract reason why some personal privileges may not also come to have qualities belonging usually to property rights alone,—such, for example, as capacity to be transferred, and sufficient attractiveness to make other persons willing to pay money for the opportunity to acquire them. Where, as in the case of a license to sell liquor, these qualities are found to exist in fact, it seems to me that the privilege has ceased to be a privilege merely, and has become, in some sense and in some degree, property also. It can hardly be correct to hold that a bankrupt's creditors may not avail themselves of the fact that money can be had for the chance of stepping into the licensee's place,

but that the bankrupt himself may make the same bargain, and put the money safely into his pocket. The license court may or may not accept the buyer as the bankrupt's successor. That is the buyer's affair, and is not decisive upon the point now being considered. He buys a contingency, and buys it with his eyes open; but, in my opinion, the trustee has the contingency to sell, and the bankrupt is bound to execute the instruments necessary to carry out the sale.

In the case now before the court the sale was made, not by a trustee, but by a receiver; and objection is raised to a receiver's power to sell the property of the bankrupt. The objection is based upon the language of clause 3 of section 2, which authorizes courts of bankruptcy to appoint receivers, "for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee qualified." It is argued that this limits the power of receivers, and forbids them to do more than hold possession of the bankrupt's property during a certain interval. I do not think the argument is sound. The clause restricts the power of the court to appoint, confining it to cases of absolute necessity, and then goes on to state the purpose for which the appointment may be originally made. But, after a receiver has once gone into possession, it may become necessary to sell the property for the very purpose of preserving it, or its value,—which is, of course, the essential matter,—either in whole or in part. In such event, I think the court has ample power to order or confirm a sale, either under the power to preserve, implied by clause 3 itself, or under clause 7 of the same section, which empowers the court to "cause the assets of bankrupts to be collected, reduced to money and distributed."

The exceptions are dismissed, and the referee's opinion and order are approved.