In re WIESEL et al.

(District Court, E. D. Pennsylvania. November 6, 1909.)

No. 3,438.

1. BANKRUPTCY (§ 143*)—PROPERTY PASSING TO RECEIVER OR TRUSTEE—PENDING APPLICATION FOR RENEWAL OF LIQUOR LICENSE.

Where the owners of a retail liquor license in Philadelphia had made application for a renewal, to which they were entitled under the rule of the court, on the filing of a petition in bankruptcy against them, their old license, together with whatever right they had to a renewal, passed to their receiver as an asset of their estate, and he has the right to sell the renewal license, when granted for its benefit.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 136*)—BANKRUPTS—DUTY TO ASSIST IN TRANSFER OF ASSETS.

Alleged bankrupts, pending action on the petition, may be compelled by the court to join with a receiver appointed for their property in a petition to a state court for the transfer of a liquor license granted to them, which has been sold by the receiver.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

In the matter of Charles O. Wiesel and William T. Knaup, individually and trading as Wiesel & Knaup, alleged bankrupts. On petition of receiver for rule on bankrupts. Rule granted.

Henry N. Wessel, for receiver.
Louis Goodfriend, for alleged bankrupts.

HOLLAND, District Judge. Upon petition presented by the receiver of the alleged bankrupts, Wiesel and Knaup, a rule was granted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to show cause why each of them should not join with the petitioner in an application to the court of quarter sessions of Philadelphia county, praying said court to transfer a retail license to John C. Monteith for the license year beginning June 1, 1909. The petition for this license had been filed in the court of quarter sessions of Philadelphia county by the alleged bankrupts some time in March of 1909 for a renewal of the retail liquor license held by them for their place of business at No. 5633 Market street, Philadelphia. The license in question, being a renewal of the one they formerly had, is for the license year beginning June 1, 1909. Under the printed rules of the Philadelphia courts:

"All persons holding licenses granted to them during the last previous year, or transferred to them during that year, against whom no specific remonstrance has been filed, will be presumed to be entitled to a renewal of their licenses."

After the filing of the petition for a renewal, bankruptcy proceedings were instituted against Wiesel & Knaup on April 2, 1909, and on the 5th of the same month a receiver was appointed and qualified. No adjudication has yet been entered. The renewal was granted April 30, 1909, and before June 1st of the same year the receiver paid the license fee of $1,103.75, in order that there might not be a revocation of the license by operation of law. This license was duly advertised and sold at public sale on October 19, 1909, as an asset of the bankrupt's estate for the sum of $3,000, which sale was approved by this court, and the receiver presented his petition in the court of quarter sessions for a transfer to the purchaser. Wiesel & Knaup, the alleged bankrupts, refused to aid the receiver in securing a transfer, claiming that the license, having been granted subsequent to the institution of bankruptcy proceedings against them, did not become part of the estate passing into the hands of the receiver, and that the right of the bankrupts to a renewal of said license is not such an asset as passed to the receiver or trustee in bankruptcy.

It is conceded that a retail liquor license held by a licensee at the time bankruptcy proceedings are instituted against him is an asset which passes to the receiver or trustee in bankruptcy; but it is claimed here that, as this license was granted subsequent to the institution of such proceedings against these alleged bankrupts, it does not so pass, notwithstanding the fact that the petition was presented prior to the bankruptcy proceedings, and that no adjudication has yet been entered, and notwithstanding the further fact that the alleged bankrupts were unable to pay the license fee for renewal and made no claim to the license until after it had been secured by the payment of the fees by the receiver.

The decisions of the federal courts are to the effect that the right to apply for a renewal of a liquor license is an asset which passes to the trustee in bankruptcy. In re Fisher, 1 Am. Bankr. Rep. 557, affirmed in (D. C.) 3 Am. Bankr. Rep. 406, 98 Fed. 89; In re Brodbine (D. C.) 2 Am. Bankr. Rep. 53, 93 Fed. 643; In re Becker (D. C.) 3 Am. Bankr. Rep. 412, 98 Fed. 407. In the latter case, Judge McPherson, in this district, said:

"It can hardly be correct to hold that a bankrupt's creditors may not avail themselves of the fact that money can be had for the chance of stepping into

the licensee's place, but that the bankrupt himself may make the same bargain and put the money safely in his pocket."

It is almost a daily occurrence that solvent licensees sell their licenses, with this privilege or right to apply for a renewal, subject to the contingency that the purchaser may be able to qualify to receive the transfer or renewal before the court granting the license. As there are purchasers willing to pay for this privilege to apply for a renewal, it seems to us absurd to say that it is not an asset passing to the bankrupt estate, because the possessor of a license, at the time of the institution of bankruptcy proceedings against him, is at the same time the possessor of the privilege to apply for a renewal, and entitled to the preference to such renewal created by the practice under the rules of court above referred to, and, in this case, the licensees had filed their application for renewal, as required by law, before the institution of the petition in bankruptcy. On April 2, 1909, when the petition in bankruptcy was filed, the old license and the application for a renewal then on file, together with whatever rights and privileges they had to a renewal by reason of their possession of the old license in question, passed as an asset to the bankrupts' estate, and the license in question was subsequently granted upon this application.

This license the receiver advertised and sold, and it is the duty of the bankrupts to assist the receiver in securing a transfer to the purchaser, so far as they are able to render such assistance. Up to the time of their discharge they can be compelled, by summary order of court, to give the receiver any information they may possess, or render him any assistance they can in the transfer of possession of property belonging to the bankrupt estate. In re Fisher, supra; In re Brodbine, supra; In re Becker, supra; Sparhawk v. Yerkes, 142 U. S. 1, 12 Sup. Ct. 104, 35 L. Ed. 915; Collier on Bankruptcy (7th Ed.) p. 821. In the case of Whitlock's Appeal, 39 Pa. Super. Ct. Rep. 34, the court refused to transfer the license, because the petitioner for the transfer "did not present sufficient reasons in his petition to warrant the court in making the transfer." An examination of that case shows the facts were entirely different from those we are called upon to consider in this case. It is true that all renewals and transfers of licenses are addressed to the sound legal discretion of the court of quarter sessions. This contingency, while it hinders the sale to some extent, and no doubt affects the market value of the asset, yet it is not a valid reason why the receiver should not dispose of it for the benefit of the bankrupt's creditors. Collier on Bankruptcy (7th Ed.) 821.

The rule, therefore, on the bankrupts to show cause why they should not be required to aid and assist the receiver in securing a transfer of this license to the purchaser, by joining with the petitioner in the application for such transfer, is made absolute, and counsel for the application of transfer will draw a decree directing the bankrupts to render the necessary assistance in accordance with this opinion, and submit the same to this court.