## EX PARTE: IN THE MATTER OF FULLER ET AL., INDIVIDUALLY AND AS COPARTNERS UNDER THE NAME OF E. M. FULLER & COMPANY, PETITIONERS.

### APPLICATION FOR A STAY OF ORDERS OF DISTRICT COURT PENDING APPEAL.

No. — Motion for stay submitted April 27, 1923.—Decided April 30, 1923.

One who becomes a bankrupt has no right, under the Fourth and Fifth Amendments to the Constitution, to resist delivery of his books and papers to the trustee in bankruptcy or affix conditions as to their use, upon the ground that they may be used to incriminate him. P. 93.

Application denied.

THIS was an application, made here to stay, pending appeal, two orders of the District Court requiring a receiver in bankruptcy and the bankrupts and their attorneys to turn over certain books and papers to the trustee in bankruptcy.

*Mr. William J. Fallon, Mr. Eugene F. McGee* and *Mr. Arthur Garfield Hays,* for petitioners, in support of the motion.

*Mr. Francis L. Kohlman,* for the trustee in bankruptcy, in opposition to the motion.

*Mr. William M. Chadbourne, Mr. Cyrus F. Smythe* and *Mr. C. R. Ward,* for the Creditors' Committee of E. M. Fuller & Company, in opposition to the motion.

*Mr. Joab H. Banton,* District Attorney for New York County, *Mr. John Caldwell Myers* and *Mr. Hugo Wintner,* by leave of court, filed a memorandum in opposition to the motion, as *amici curiæ.*

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

On June 26, 1922, a petition in involuntary bankruptcy was filed against Fuller and McGee, individually and as partners, in the name of E. M. Fuller & Company, in the District Court for the Southern District of New York. Thereafter Strasbourger was appointed Receiver and at once demanded of the bankrupts the books of accounts, records, documents, both of themselves individually and of the firm. The bankrupts claimed that the books would tend to incriminate them and refused to turn them over unless the Receiver agreed that they were to be used in connection with the civil administration of bankrupts' estate only. A stipulation of this kind was made between the Receiver and the attorneys for the bankrupts, with the further specific agreement that the books and records would not be turned over to any district attorney or used before any grand or petit jury. The district attorney, County of New York, then attempted to bring the books and records into the state court by serving a subpœna upon the Receiver. Judge Augustus Hand, at the petition of the bankrupts, enjoined the Receiver from turning the books over.

On April 6, 1923, the attorneys for the bankrupts demanded of the Receiver that he return the books and papers to them because his receivership had terminated by the appointment of a trustee in bankruptcy. The Referee in bankruptcy directed the Receiver to turn the books and papers over to the Trustee without condition or restriction. On review, this order was affirmed by Circuit Judge Mack sitting in bankruptcy. April 21st last, all the books and papers were then delivered over to the Trustee except certain books and papers which had been redelivered by the Receiver to the attorneys for the bankrupts on their receipts which were turned over to

the Trustee. The bankrupts objected to turning over the books and papers thus receipted for by their attorneys to the Trustee. Thereupon on April 24, 1923, Judge Mack made a second order directing the attorneys for the bankrupts and the bankrupts to turn over these records and papers so withheld by them to the Trustee. On April 21st, the District Attorney of New York County had subpœnaed the Trustee to produce the books and papers of the bankrupts he then had in his custody and on the 24th of April offered them in evidence in the Court of General Sessions of New York as evidence against E. M. Fuller under an indictment arising out of the business of the bankrupts. On the 25th of April Judge Mack granted an application for a stay pending proceedings for appeal to this Court and an application for a stay here; and Judge Nott presiding in the state court adjourned the trial there until April 30th.

Proceedings for appeal to this Court have now been begun under the authority of *Perlman* v. *United States,* 247 U. S. 7, and the application for a stay of Judge Mack's two orders has now been made.

A man who becomes a bankrupt or who is brought into a bankruptcy court has no right to delay the legal transfer of the possession and title of any of his property to the officers appointed by law for its custody or for its disposition, on the ground that the transfer of such property will carry with it incriminating evidence against him. His property and its possession pass from him by operation and due proceedings of law, and when control and possession have passed from him, he has no constitutional right to prevent its use for any legitimate purpose. His privilege secured to him by the Fourth and Fifth Amendments to the Constitution is that of refusing himself to produce, as incriminating evidence against him, anything which he owns or has in his possession and control, but his privilege in respect to what was his and in his custody

ceases on a transfer of the control and possession which takes place by legal proceedings and in pursuance of the rights of others, even though such transfer may bring the property into the ownership or control of one properly subject to subpœna *duces tecum*. These conclusions follow from the principles announced by this Court in the *Matter of Harris*, 221 U. S. 274, 279, and *Johnson* v. *United States*, 228 U. S. 457.

In considering the correctness of Judge Mack's orders, it is wholly immaterial what stipulation had been entered into between the Receiver and the bankrupts in regard to the use to be made pending the receivership of the books and papers or what sanction Judge Hand's action had given the stipulations. With the appointment of the Trustee both the title and the right to possession of such books and papers passed to him and Judge Mack's orders properly confirmed this result. The Receiver, the bankrupts and their attorney must yield possession and title to the Trustee. Neither can accompany the delivery he is bound by law to make with any effective conditions restricting use of the books, papers or other property of the bankrupts' estate as evidence against them.

*The application is denied.*