In re HINES et al.

BROWER v. HINES et al. (DEPARTMENT
OF TAXATION AND FINANCE OF
NEW YORK, Intervener).
No. 274.

Circuit Court of Appeals, Second Circuit.
Feb. 19, 1934.

James G. Moore, of New York City (Evarts L. Prentiss and James G. Moore, both of New York City, of counsel), for appellant.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Income tax returns were filed by the bankrupts with the New York state tax commission for the years 1927 to 1931, inclusive, which showed the business and financial condition of the bankrupts during the period. Demand was made by the trustee for certified copies of such returns and refused. The trustee petitioned the referee in bankruptcy for an order directing the bankrupts to sign a direction for certified copies of such returns. Section 384 (1) of the New York state Tax Law (Consol. Laws, c. 60) requires secrecy of the officials, the tax commission, and makes it unlawful, under penalty, to give any information, but provides: "Nothing herein shall be construed to prohibit the delivery to a taxpayer or his duly authorized representative of a certified copy of any return or report filed in connection with his tax." Section 384 (3) provides that the tax commission may permit the Commissioner of Internal Revenue of the United States or the proper officer of any state imposing an income tax, or the authorized representative of either such officers, to inspect the income tax returns of any individuals, or may furnish to such officer or his authorized representative an abstract of the return of the income of any individual or supply him with information concerning any item of income contained in any return, providing only if the statutes of the United States or such other state, as the case may be, grant substantially similar privileges to the proper officer of New York state charged with the administration of the personal income tax law thereof.

On June 29, 1927, the bankrupts conveyed real property to the wife of John P. Hines, and she later conveyed it to two corporations of which the bankrupts were officers and directors. Such transfers are said to be gifts to Mrs. Hines. The books contained no en-

tries prior to 1929, and no other memorandum of record was obtainable from which the business and financial condition of the bankrupts in 1927 could be ascertained. Therefore it was necessary for the trustee to obtain the information from the income tax returns filed with the state tax commission.

The referee in bankruptcy directed both bankrupts to sign an order requesting and requiring the state tax commission to deliver to the trustee certified copies of these returns. Although John P. Hines alone petitioned for review of this order, the District Judge reversed the order for both to sign the authorization. The court held that the trustee in bankruptcy was not a representative of the taxpayer as referred to in the state statute.

The state statute does not impose absolute secrecy upon the returns filed, nor does it make them in any way so privileged. The statute plainly intends to impose secrecy upon the officials having the returns in charge and penalizes for a violation thereof. But there are exceptions provided in the statute: First, when information is divulged in accordance with proper judicial order or otherwise provided by law; second, in a proceeding in which the tax commission is a party; third, when certified copies are given to the taxpayer or his duly authorized representative; and, fourth, when inspection is permitted to the Commissioner of Internal Revenue or to another state. Any who are within one of these exceptions have the right to examine the returns made. To that extent there may be disclosure. Balance sheets, books, and records portraying the business dealings and affairs of the bankrupt are the property of the trustee.

The scheme of the state statute seems to be to provide for an interchange between state and federal governments for information on file with each, and it is apparent that information contained in the taxpayer's return is available to both governments. The information given to both governments is substantially the same. No greater confidence is placed in one than in the other.

 We do not hold that the state tax commission must recognize such an order when the bankrupt makes it. Admitting, but not conceding, that the commission may prescribe a policy of requiring secrecy under the statute, we cannot here decide whether such an order should prevail over that policy. The commission is not before us, and we cannot prejudge the issue; but a court of bankruptcy, uninfluenced by the decisions of the state court [Board of Trade of Chicago v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 68 L. Ed. 533; Garber v. Bankers' Mort. Co. (D. C.) 27 F.(2d) 609], may direct the bankrupt to assist a trustee, his legal representative, in administering the affairs of the bankrupt in every way, so as to gather into the estate all assets. Sections 7, 70, Bankr. Act (11 USCA §§ 25, 110). The trustee is the representative or successor in interest of the bankrupt. In re Anderson (D. C.) 23 F. 482. While acting as trustee, he is vested with all the rights, title, and powers as of the date of adjudication, which the bankrupt had (section 70, Bankr. Act [11 USCA § 110]), and is therefore his legal representative.

 Regardless of whether a request or order, signed by the bankrupt at the direction of the court of bankruptcy, would authorize the tax commission to give the certified copy under subdivision 1 above of the exceptions, it is enough that the commission might recognize it, or the state courts might compel it to do so. That possibility will support an order requiring the bankrupt so to assist the trustee. Section 70a (1) of the Bankruptcy Act, 11 USCA § 110 (a) (1), vests in the trustee, by operation of law, title to documents relating to his property. Any instrument in writing to which the bankrupt is entitled would be such a document. Section 1 (13), Bankr. Act, 11 USCA § 1 (13). The trustee's title thereto is complete on the day of adjudication. In re Fuller, 262 U. S. 91, 43 S. Ct. 496, 67 L. Ed. 881; Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969. A bankrupt must execute and deliver such papers as shall be ordered by the court (section 7 (4) of the act, 11 USCA § 25 (4) so as to vest possession in the trustee. In re Wiesel (D. C.) 173 F. 718; In re Becker (D. C.) 98 F. 407. And the court has jurisdiction to "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title." Section 2 (15) of the act (11 USCA § 11 (15).

A Wisconsin statute, different in phraseology and in authority to disclose information, was involved in Re Valecia Condensed Milk Co., 240 F. 310 (C. C. A. 7), and in Re Reid (D. C.) 155 F. 933, a Michigan statute of absolute prohibition in disclosing information was involved. These factors distinguish those cases from the instant case.

With the power given to the court by this act, the court may direct the bankrupt to facilitate and aid the trustee in procuring helpful documents which will assist in bringing

assets to the bankrupt's estate. Such documents as the tax returns. disclosed by the petition, would be helpful to the trustee. There is no reason for secrecy as against the trustee of the bankrupt. He should be fully advised of all the business affairs and conditions of the business of the bankrupt, particularly information given by the bankrupts to the taxing authorities. Johnson v. U. S., 228 U. S. 457, 33 S. Ct. 572, 57 L. Ed. 919, 47 L. R. A. (N. S.) 263; Matter of Harris, 221 U. S. 274, 31 S. Ct. 557, 55 L. Ed. 732. The bankrupts are plainly in a position to assist the trustee in procuring this information by signing the order of direction to the tax commissioner to deliver certified copies to the trustee. The referee properly granted the order, and the court below erred in reversing it.

Order reversed.