that a limitation to the circular cross section of the rim was inserted in the claim of the patent in suit to avoid cited prior art. The claims were rejected and the one claim allowed only when it was phrased in its present statement. The appellee may not now read out of the claim in suit the limitation to a curled rim substantially circular in cross section, which was incorporated in the claim in order to differentiate the appellee's invention from the prior art. Hubbell v. United States, 179 U. S. 77, 21 S. Ct. 24, 45 L. Ed. 95; Roemer v. Peddie, 132 U. S. 313, 10 S. Ct. 98, 33 L. Ed. 382.

■ The act of infringement is the sale of the product. U. S. Code, title 28, § 109 (28 USCA § 109). The bill of complaint so declares. Whatever may have been done in the manufacture resulting in the crushed, flattened, or folded rim, that is to say, if at any stage of the manufacture of the rim the rim may be said to be a curled rim, it would not amount to the infringement pleaded or as consummated within the Southern district of New York. If at any stage the appellant's rim should be regarded as circular in its cross section, it was not in its final form, as a finished product, when sold. The appellant does not infringe.

Decree reversed.

**In re BOB.**

No. 369.

Circuit Court of Appeals, Second Circuit.

March 21, 1935.

Joseph V. McKee, of New York City (William T. Griffin and Charles R. Conway, both of New York City, of counsel), for appellant.

Martin Conboy, U. S. Atty., of New York City (James V. Hayes and Francis A. Mahony, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

October 27, 1930, an involuntary petition in bankruptcy was filed against appellant. A receiver was appointed, October 31, 1930, who took into custody books, papers, documents, and records belonging to the alleged bankrupt. February 2, 1931, a subpœna duces tecum was duly served on the receiver; he turned over such books, papers, documents, and records to the United States attorney for the Southern district of New York, where they remained until April 30, 1931. In the meantime, Bob was indicted on a charge of fraud in using the mails. He was tried October 6, 1931, and the books, papers, documents, and records in question were used on that trial. October 13, 1931, the petition in bankruptcy was dismissed before an adjudication. Thereafter, November 24, 1931, the trial judge entered an order impounding the books, papers, documents, and records in the custody of a special assistant to the Attorney General, as an officer of the court, and they have remained in the government's possession. Possession in the receiver in bankruptcy was lawful. Dier v. Banton, 262 U. S. 147, 150, 43 S. Ct. 533, 67 L. Ed. 915.

The Fourth and Fifth Amendments of the Constitution protect the appellant from compulsory production of incriminating documents in his possession, but this does not go as far as to forbid the use of documents of which he had lost possession, without wrongful participation by the government. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; United States v. Hoyt (D. C.) 53 F.(2d) 881. The appellant was never compelled, at any time, to be a witness against himself or to produce any documents, records, or papers whose contents might incriminate him. These records were surrendered to the gov-

ernment pursuant to the order of the District Court by one whose right to their possession cannot be challenged. In re Fuller, 262 U. S. 91, 43 S. Ct. 496, 67 L. Ed. 881. The books were in possession of the government by virtue of an order impounding them.

While this application is entitled in a summary proceeding, the circumstances, determining whether it is an independent proceeding or a step in the trial of a criminal case, indicates that it is of the latter character, and therefore the order is not appealable. Cogen v. United States, 278 U. S. 221, 49 S. Ct. 118, 73 L. Ed. 275; In re Behrens (C. C. A.) 39 F.(2d) 561, 562.

Appeal dismissed.

### UNITED STATES v. PAUL, and four other cases.

### Nos. 7447, 7457, 7550, 7580, 7595.

Circuit Court of Appeals, Ninth Circuit.

March 8, 1935.

J. A. Carver, U. S. Atty., E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., and R. L. Slaughter, Atty., Department of Justice, all of Boise, Idaho, Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Fendall Marbury and Wilbur C. Pickett, Sp. Assts. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D. C., for appellant.

B. W. Oppenheim, J. M. Lampert, and J. B. Musser, all of Boise, Idaho, for appellees, except Jent.

Delana & Delana, of Boise, Idaho, for appellee Jent.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

PER CURIAM.

In each of these cases, except United States v. Jent, No. 7550, a motion to strike the bill of exceptions was made on the ground it was not prepared in time. The certificate to the bill of exceptions in each case contains the following recital: "That the above and foregoing bill of exceptions was duly and regularly filed with the clerk of the said court and thereafter duly and regularly served within the time authorized by law; and that no amendments were proposed to said bill of exceptions excepting such as are embodied therein; that due and regular notice of time for settlement and certifying said bill of exceptions was given."

This recital is sufficient in the absence of anything to the contrary in the bill to show that it was settled in due time. See South West Metals Co. v. Gomez (C. C. A.) 4 F.(2d) 215, 39 A. L. R. 1416.

Motions denied.

The decision on the merits of the appeals is controlled by recent decisions of this court and the Supreme Court. U. S. v. Stephens (C. C. A.) 73 F.(2d) 695; U. S. v. Spaulding, 55 S. Ct. 273, 79 L. Ed. ——, decided by the Supreme Court January 7, 1935.

In the Jent case, No. 7550, it is contended that the judgment should be affirmed on the strength of the decision in U. S. v. National Bank of Commerce of Seattle (C. C. A.) 73 F.(2d) 721; that case is not applicable for the reason therein stated, namely, that it was taken from the jury by reason of the motion of both parties for a directed verdict.

Judgments reversed.