## SECURITIES AND EXCHANGE COMMISSION v. JONES.*

### No. 479.

#### Circuit Court of Appeals, Second Circuit.
#### July 13, 1936.

H. I. Fischbach, of New York City, Harry O. Glasser, of Enid, Okl., and J. N. Saye, of Longview, Tex., for appellant.

John J. Burns, of Washington, D. C. (Francis Currie, Charles R. Kaufman, Francis S. Walker, all of Washington, D. C., and John L. Flynn, of Los Angeles, Cal., of counsel), for respondent and applicant-appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

The order appealed from denied appellant's motion to vacate an injunction pendente lite, entered upon his consent; also to dismiss the bill of complaint, and to suppress evidence secured from appellant and to direct the appellee to return copies thereof now in its possession.

In view of the consent to the injunction pendente lite, the contention now raised, that it resulted from an illegal investigation, becomes immaterial. The consent to the entry of the injunction waived any error of decision that might have been made. Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587. Moreover, appellant stipulated that his books could be examined. The attack made upon the bill of complaint because it failed to allege the absence of an adequate remedy at law becomes immaterial, since the injunctive relief is provided for by the statute. Section 20 (b), Securities Act of 1933, 15 U.S.C.A. § 77t (b).

We have heretofore held that the Securities Act of 1933 (15 U.S.C.A. § 77a et seq.) is constitutional. Securities and Exchange Comm. v. Jones (C.C.A.) 79 F.(2d) 617. In a review of that case, the Supreme Court reversed upon other grounds. 298 U.S. 1, 56 S.Ct. 654, 80 L. Ed. 1015.

The denial of that part of the order asking the suppression of the evidence and return of papers we will not now consider, for that part of the relief refused is not appealable. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; In re Bob, 76 F.(2d) 131 (C.C.A.2).

Order affirmed.

*Writ of certiorari denied 57 S. Ct. 46, 81 L. Ed. ——.