### In re SONGOOD REALTY CO., Inc.

No. 36566.

District Court, E. D. New York.

Jan. 16, 1940.

Silberman & Steinfeld, of Brooklyn, N. Y., for trustee.

Norman Geiger, of Brooklyn, N. Y., for bankrupt.

MOSCOWITZ, District Judge.

This is a motion "for an order ratifying, approving and confirming the orders of Hon. Edward C. McDonald heretofore made and entered herein and bearing date of September 22, 1939, which orders directed the bankrupt herein to file schedules and to deliver the books of accounts of the bankrupt herein to Aaron L. Palmer, Trustee in Bankruptcy of the above-named bankrupt".

Two orders were made by Referee McDonald on September 22, 1939, one that directs the bankrupt to deliver to the trustee all books of account together with corporate books, including stock book, stock transfer book, minute book, check book, check stub book, cancelled vouchers, journal, cash book general ledger, note record book, together with any and all other books and records of the bankrupt within five days after the entry of the order; the other order directs the bankrupt to file schedules in bankruptcy within ten days after the entry of the order.

An affidavit has been submitted by David Weiss, an officer of the bankrupt, in which he states that he and other officers of the bankrupt were indicted in the state court charged with forgery in that they made fraudulent entries in the books of account sought by the trustee in bankruptcy. His contention is that these books will incriminate him and that therefore he should not be required to turn them over to the trustee in bankruptcy. This is his conclusion and is not binding upon the trustee. The trustee is entitled to the books. The fact that the books may contain incriminating evidence cannot relieve officers of the bankrupt from furnishing them to the trustee.

An officer of a corporation in bankruptcy may not refuse to turn over books and records of a corporation even if such evidence may be used to prove his guilt. In re Foster Construction Corporation, 2 Cir., 50 F.2d 693; Matter of Fuller & McGee, 262 U.S. 91, 43 S.Ct. 496, 67 L.Ed. 881; Johnson v. United States, 228 U.S. 457, 33 S.Ct. 572, 57 L.Ed. 919, 47 L.R.A., N.S., 263.

To deny the trustee the books and records of the bankrupt corporation would

defeat the ends of justice. The referee's orders will not be disturbed. These records should be delivered to the trustee within two days.