**James K. MALONE, Appellee,**

v.

**VOGES MANUFACTURING COMPANY, Inc., Appellant,**

No. 7, Docket 25483.

United States Court of Appeals Second Circuit.

Argued Oct. 8, 1959.

Decided Nov. 4, 1959.

Jacob F. Gottesman, New York City (Joseph Jaspan, Brooklyn, on the brief), for appellant.

Jay F. Gordon, New York City (Harte, Natanson & Gordon, New York City, on the brief), for appellee.

Before LUMBARD, WATERMAN and FRIENDLY, Circuit Judges.

LUMBARD, Circuit Judge.

The Voges Manufacturing Company, Inc. appeals from a judgment of the district court in favor of James K. Malone for $11,254.58 earned as commissions. Malone cross-appeals for $5,000 disallowed him. The district court allowed Malone's commission claims for $16,254.-58, but reduced it by $5,000, the amount paid Malone by the receiver of the company for services rendered after commencement of the receivership. We affirm the allowance of the claim in the full amount without any reduction.

In June 1952 Malone was employed by the company as an assistant to the president. His primary duty was to find new business and through his efforts the company succeeded in making several substantial contracts. Malone rendered services to the company until it went into receivership on November 2, 1953, and thereafter the receiver continued to employ him at $500 a week for a period of approximately ten weeks.

To defeat Malone's claim, the company contends that an agreement with Malone and Fred Voges, president of the company, signed sometime after the entrance into receivership and pre-

**231**

dated to December 15, 1952, was valid and placed a limitation on the amount which Malone could be paid in one year. This post-receivership agreement provided that Malone would be paid a salary of $26,000 a year and an expense account of $24,000 annually. The company argues that Malone was limited to the salary provided for in this contract as it worked a novation on the former contracts, and, as he has already received at least that much, he is entitled to nothing more. But we think that the post-receivership contract was not binding upon Malone, as Fred Voges had no authority to enter into contracts after the appointment of the receiver. In re Hines, 2 Cir., 1934, 69 F.2d 52; Graselli Chemical Co. v. Aetna Explosives Co., Inc., 2 Cir., 1918, 252 F.2d 456.

Moreover, the agreement was never intended to affect past commissions as it was entered into to mislead the receiver and for the purpose of avoiding criticism of percentage contracts.

The company also questions $4,201.04 of the commissions which related to orders procured from the City Tank Corporation by verbal agreement made prior to the receivership. This agreement was confirmed by written memorandum signed after the receivership. The Statute of Frauds (New York Personal Property Law, § 31) is satisfied by such a subsequently executed memorandum even though the receivership intervened. Cf. Papaioannou v. Britz, 1 Dept., 1955, 285 App.Div. 596, 139 N.Y.S.2d 658. Moreover, it appears that the contract could be performed within one year and therefore the Statute of Frauds does not apply in any event. We therefore hold that the claim for commissions from the City Tank Corporation business was valid.

Appellant urges that $9,270 paid to Airdow Manufacturing, Inc. should be deducted from Malone's claim in accordance with an agreement made with Malone, who was also an officer and stockholder of Airdow, whereby company expenses paid to Airdow for "services rendered" were to be deducted from Ma-

lone's commissions. But the record shows that these payments were made for the rental of machines and not for "services rendered."

Lastly, the company urges that the district court properly deducted from what was due Malone the sum of $5,000, which had been paid him by the receiver for services performed during the receivership. We find no basis for the action of the district court in deducting this amount. Concededly Malone performed services for the company during this period for which he was paid. These services were in addition to his labors prior to the receivership whereby he had earned the commissions. It was error to deduct the $5,000 paid Malone by the receiver.

For these reasons, we affirm the findings of the district court that $16,254.58 was due Malone for commissions and we direct that judgment for Malone be entered in that amount.