**William H. DECK et al., Appellants,**

**v.**

**UNITED STATES of America et al.,**
**Appellees.**

**No. 18494.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 2, 1964.

Decided June 25, 1964.

Petition for Rehearing en Banc Denied
Sept. 25, 1964.

Certiorari Denied Jan. 18, 1965.

See 85 S.Ct. 660.

Mr. William H. Deck, Washington, D. C., with whom Mr. Robert M. Scott, Washington, D. C., was on the brief, for appellants.

Mr. Richard B. Buhrman, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Louis F. Oberdorfer and Messrs. Lee A. Jackson and Joseph M. Howard, Attys., Dept. of Justice, were on the brief, for appellee United States. Mr. David C. Acheson, U. S. Atty., and Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered appearances for appellee United States.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PRETTYMAN, Senior Circuit Judge.

The United States and a Special Agent of the Internal Revenue Service applied to the District Court for the enforcement of a summons addressed to William H. Deck, our appellant. The application stated that the Internal Revenue Service had been investigating the income tax liabilities of two taxpayers named Kless for the years 1960–61. It further recited that a summons had been issued to one Lloyd B. Phillips, a public accountant licensed in California and residing in San Francisco, directing him to produce accounting work papers relating to services he had performed on the books and papers of J. B. Kless Co. for the years 1955–61. It further recited that Phillips advised the Internal Revenue Service that he was willing but unable to comply with the summons, in that he had turned over the papers to the taxpayer, Kless, who indicated that his attorney, William H. Deck, desired to examine them. It further recited that Deck, in a letter to Phillips, acknowledged receipt of the papers and "indicated he would return

them to him as soon as his examination of them was completed." The application further recited that Phillips twice made demands upon Deck to return the papers so that he (Phillips) could comply with the summons issued to him and that Deck had refused to return the papers. In this situation the Internal Revenue Service served a summons upon Deck. The latter at first refused to appear or to produce the papers but later delivered the papers to the registry of the court, where they are now impounded.

Manning A. Kless and Jean G. Kless, individually and as the sole members of a partnership, The J. B. Kless Co., intervened in the court action, claiming the records described in the summons belonged to them and not to Phillips.

A show cause order was issued on Mr. Deck and a hearing held, in the course of which Mr. Kless took the stand, claimed the papers as his property, and asserted that his privilege against self-incrimination protected him against production of the papers. The court found that the papers belonged to Phillips, concluded that the privilege was unavailable, and ordered Deck to comply with the summons.

 Two contentions are urged in support of the appeal. First, appellant Deck argues that the trial court's finding that the papers were the property of Phillips is not supported by the evidence. He says the evidence shows that the services performed by Phillips were bookkeeping services only. Therefore, he says, the work papers are the property of Phillips's employer, the Kless Co. The Government, on the other hand, urges that Phillips was a registered public accountant who served the Kless Co. in that capacity. Thus, the Government tells us, under California law the papers are the property of Phillips.[1] We agree with the Government on this point. The record establishes that Phillips had worked for the Kless Co. since 1946. It was not until after the tax investigation began

that Kless showed any interest in the work papers then in the possession of Phillips; until Kless requested them they were kept by Phillips in his office and were apparently regarded by all concerned as his property. Kless was only one of many who utilized Phillips's services. Phillips was not on the payroll of the partnership. Rather he billed the Kless Co. on an hourly basis, and the payments to him were recorded in the books under accounting services. Phillips testified that during the years in question his work consisted basically of reviewing the records for each year, verifying certain accounts, preparing a balance sheet and a profit and loss statement, and rendering a certificate (an accountant's opinion). We have examined the impounded work papers in question, and they support this testimony. In fact we agree with the trial court that these are the type of papers which an accountant would normally produce and keep in his files. We think the evidence abundantly supports the findings of the District Court that Phillips served the Kless Co. as an accountant. Under the California Code the work papers of a public accountant are his property.[2] It follows, therefore, that the trial court correctly ruled that the papers belonged to Phillips.

 As his second point appellant Deck argues that, even if the papers were the property of Phillips, their production cannot be compelled without violating Kless's privilege against self-incrimination. It is his position that, since Kless came into possession of the papers rightfully, he can prevent their production through invocation of the privilege. However, the argument overlooks the uncontroverted evidence that, after Kless obtained the papers and before the summons was served, their owner, Phillips, had made demands for their return. Thus, at the time the Government sought production, neither Kless nor Deck had any right to retain them. We think that

1. CAL.BUSINESS AND PROFESSIONS CODE, 3A West's Annot. Cal.Code § 5037.

2. Ibid.

one who holds papers against the owner's demands for their return cannot resist production by claiming the privilege against self-incrimination.[3]

Affirmed.

3. See Ex Parte Fuller, 262 U.S. 91, 43 S. Ct. 496, 67 L.Ed. 881 (1923); Wilson v. United States, 221 U.S. 361, 380, 31 S. Ct. 538, 55 L.Ed. 771 (1911); United States v. Boccuto, 175 F.Supp. 886 (D.N. J.), appeal dismissed, 274 F.2d 860 (3d Cir. 1959); Application of House, 144 F.Supp. 95 (N.D.Cal.1956); Application of Daniels, 140 F.Supp. 322 (S.D.N.Y. 1956); 108 U.PA.L.REV. 1071, 1072 (1960); 49 VA.L.REV. 1372 n. 8 (1963).