**Application of Joseph RAE to quash a certain Summons dated November 10, 1970 and issued in the name of the Commissioner of Internal Revenue.**

**No. M 18–304.**

United States District Court,
S. D. New York.

Nov. 30, 1970.

Alan C. Levy, Brooklyn, N. Y., for applicant.

Whitney North Seymour, Jr., U. S. Atty., for Southern District of New York, New York City, for the United States of America; Richard S. Toder, Michael I. Saltzman, Asst. U. S. Attys., of counsel.

EDWARD WEINFELD, District Judge.

This is a motion by Joseph Rae to quash an Internal Revenue summons served pursuant to 26 U.S.C. section 7602, on Martin Rosen and Company for the production of work papers and memorandums (sic) relating to the tax returns of Joseph Rae. Martin Rosen and Company does not join in the motion to vacate.

The application is based upon an affidavit of Rae's attorney who, upon information and belief alleges, among other matters, that "[s]ometime ago [Rae] discontinued the service of the Certified Public Accountant that he had been using and retained Martin Rosen, a Tax Attorney and Certified Public Accountant who represents him at the audits and to prepare his returns. Mr. Rosen has for several years acted in that capacity for the Applicant." It is contended that the accountant Rosen was retained because he was an attorney, and consequently all communications between him and Rae were of a confidential nature, and that to require Rosen to turn over his work sheets would violate the attorney-client relationship and also Rae's right against self-incrimination and other constitutional rights.

■ But this contention as to the alleged attorney-client relationship, based upon a hearsay statement, is without evidential support. It is contrary to the accountant's own statement to the Special Agent, which is not denied. Sig-nificantly, moreover, the accountant himself makes no claim that the attorney-client relationship existed between him and Rae, *cf.* Colton v. United States, 306 F.2d 633, 637 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 358–359 (D.Mass.1950), or that he received any remuneration from Rae for any alleged legal services; furthermore, from the moving papers it appears that the accountant's work consisted solely of representing petitioner at audits and preparing his tax returns. Thus, there is not only an absence of an affidavit from the accountant supporting petitioner's contention that the attorney-client relationship existed, but also there is none from the alleged client.

■ The summons here has been limited to the production of work papers and memoranda of the accountant. It seeks no records of the petitioner, who thus is not in a position to assert his right against self-incrimination. And in this circumstance, no privilege exists between the accountant and the client which precludes the production of the subpoenaed documents. *See* United States v. White, 322 U.S. 694, 699, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Deck v. United States, 119 U.S.App.D.C. 240, 339 F.2d 739, 740 (1964), cert. denied, 379 U.S. 967, 85 S.Ct. 660, 13 L.Ed.2d 560 (1965); Sale v. United States, 228 F.2d 682, 686 (8th Cir.), cert. denied, 350 U.S. 1006, 76 S.Ct. 650, 100 L.Ed. 868 (1956); Falsone v. United States, 205 F.2d 734, 739–741 (5th Cir.), cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953); United States v. Pizzo, 260 F.Supp. 216, 221 (S.D.N.Y.1966).

The motion is denied.