UNITED STATES of America

v.

W. Kenneth RILAND, Defendant.

No. 73 Crim. 311.

United States District Court,
S. D. New York.

Sept. 28, 1973.

Paul J. Curran, U. S. Atty., S. D. N. Y., James Schreiber, Richard Wile, Asst. U. S. Attys., for plaintiff.

Kostelanetz & Ritholtz, Boris Kostelanetz, John J. Tigue, Jr., Edward J. Daus, New York City, for defendant.

## MEMORANDUM

STEWART, District Judge:

Defendant, Dr. W. Kenneth Riland, by his attorney, moves to quash two subpoenas served by the government upon the attorney; to compel disclosure of exculpatory material; and for a further Bill of Particulars.

I. Motion to Quash Subpoenas

The government has served two subpoenas *duces tecum* on Mr. Boris Koste-

lanetz, attorney for the defendant. The first subpoena, served upon Mr. Kostelanetz on September 4, 1973, commands production of "The original work papers of BERNARD WEINER and/or the firm of FREDERICK S. TODMAN & CO. for the preparation of or documentation of the tax returns for W. KENNETH and GLADYS G. RILAND for the years 1962 through and including 1970" (hereinafter "Weiner work papers"). The second subpoena, served on September 10, 1973, commands production of "the original cash receipts and disbursement book belonging to NORMAN GOFFNER, reflecting receipts and disbursements of Kenneth Riland for the years 1962 through and including 1970" (hereinafter "Goffner book").[1] At the time of service of the subpoenas upon him, Mr. Kostelanetz was in the midst of preparing to represent the defendant at trial, and thus in possession of both sets of documents sought in the subpoenas. Invoking the defendant's Fifth Amendment privilege against self-incrimination, Mr. Kostelanetz has moved to quash both subpoenas.

For the reasons stated, this Court grants the motion to quash the subpoena requiring production of the Goffner book, but denies the motion to quash the subpoena seeking production of the Weiner work papers.

The Supreme Court has recently held that only someone in rightful possession of documents may invoke the privilege against self-incrimination when compelled by subpoena to produce these documents. Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). The Court rejected petitioner's argument that ownership of, or title to business records allowed him to invoke his privilege, when those records were rightfully in the possession of his accountant. The Court stated:

Such a holding [that the Fifth Amendment privilege was linked to ownership] would thus place unnecessary emphasis on the form of communication to an accountant and the accountant's own working methods . . . 409 U.S. at 331, 93 S.Ct. at 617.

At a hearing on this motion, there was much discussion about who owned the documents, including questions of who owned the actual paper or book, and who owned the information contained thereon. Ownership or title may be relevant to the issue of who may terminate another's rightful possession by requesting return of documents (see B. *infra*); but ownership or title are not dispositive as to who may invoke the privilege.

We find that, regardless of who owned the documents or the information on them, Mr. Kostelanetz' possession of them, if rightful, at the time of service of the subpoenas would allow him to invoke his client's privilege against self-incrimination.

A. *Goffner book*

The government does not seriously contest Mr. Kostelanetz' rightful possession of the Goffner book on September 10, 1973. However, the government argues that defendant's attorney's possession is not equivalent to defendant's possession; and that the attorney cannot raise his client's Fifth Amendment privilege in this situation.

We do not find this argument persuasive. In this case, as a matter of convenience for trial preparation, Mr. Goffner turned the receipts and disbursement book over to the defendant's attorney. There is nothing in the record to indicate that he would not have turned it directly over to the defendant had he been requested to do so, and much to indicate the contrary. The mere fact that a defendant's attorney, while preparing his defense, acquires possession of papers which otherwise

---

1. Subpoenas requesting production of these same documents were also served on Messrs. Weiner and Goffner respectively.

would be held by the defendant, should not, and does not, vitiate the defendant's constitutional privilege. An attorney may raise his client's Fifth Amendment claim as a basis for refusing to produce records held by the attorney, if the client had grounds to raise such a claim. Colton v. United States, 306 F.2d 633, 639 (2d Cir. 1962); United States v. Judson, 322 F.2d 460, 467–468 (9th Cir. 1963); 8 Wigmore, Evidence (McNaughton Rev. 1961) § 2307.[2]

### B. *Weiner papers*

■ The original work papers of Bernard Weiner were also in Mr. Kostelanetz' possession on the date the subpoena compelling their production was served on him. However, prior to service, Mr. Weiner's attorney requested that Mr. Kostelanetz return the work papers to Mr. Weiner. In light of this pre-subpoena request for return of the documents, and as the defendant does not seriously contest that Mr. Weiner (or his firm) owns the original work papers, and thus *could* reasonably request their return, we find that Mr. Kostelanetz did not have *rightful* possession on the date of service of the subpoena for the purpose of invoking his client's privilege against self-incrimination. Deck v. United States, 119 U.S.App.D.C. 240, 339 F.2d 739 (1964) cert. denied, 379 U.S. 967, 85 S.Ct. 660, 13 L.Ed.2d 560 (1965).

### II. Motion for "Brady Material"

■ Alleging that there may have been certain weaknesses in the government's investigation of this case, defendant moves for production of work records of the investigators and other documents evidencing such weaknesses, as exculpatory matter required to be produced under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

This Court is satisfied that Assistant U. S. Attorney Schreiber understands full well the government's obligation under *Brady*. Defendant's papers fail to persuade this Court that the government is withholding from the defendant any material which would in any way tend to be exculpatory to the defendant on the questions of guilt or punishment. *See e. g.*, Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). Therefore, defendant's motion for "Brady material" is denied.

### III. Motion for a Further Bill of Particulars

■ Defendant's motion for a further Bill of Particulars is denied. The government has already turned over detailed and comprehensive discovery material, which is periodically updated as the Assistant U. S. Attorney receives new data. Defendant's current motion goes beyond material appropriate for a Bill of Particulars and seeks to discover the government's theory of the case and evidence, and is therefore denied. United States v. Louis Correau, Inc., 42 F.R.D. 408 (S.D.N.Y.1967) (J. Mansfield); United States v. Giglio, 16 F.R.D. 268 (S.D.N.Y.1954).

It is so ordered.

---

2. While there is not pending a motion to quash the subpoena served on Mr. Goffner on September 6, 1973, we feel obliged to point out that the government should not be permitted to do indirectly what the Constitution forbids it to do directly; that is, infringe on the defendant's privilege against self-incrimination. In light of the fact that Mr. Goffner, under oath, has denied ownership of the book, and did not have possession on the date the subpoena was served upon him, we would deem unreasonable, pursuant to Rule 17(c), F.R.Cr.P., any legal compulsion brought to bear upon Mr. Goffner with respect to that document.