In re SILVIO DE LINDEGG OCEAN DEVELOPMENTS OF AMERICA, INC., Debtors.

Bankruptcy Nos. 82–00757–BKC–TCB, 82–00758–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Nov. 29, 1982.

Martin Rasking, Miami, Fla., for Barron.

Daniel Bakst, Trustee.

W. John Gundlach, Fort Lauderdale, Fla., for trustee.

Angus Campbell, West Palm Beach, Fla., for Scarpa.

## ORDER ON TRUSTEE'S MOTION TO COMPEL TESTIMONY

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee in these two jointly administered liquidation proceedings involving a corporation and the individual who owned all of the corporate stock, seeks an order compelling the attorneys who represented both the corporation and the individual to testify without claiming any attorney-client privilege. The trustee's examination is conducted under B.R. 205, but the issue presented is not affected by that fact. The issue is whether a bankruptcy trustee may waive the attorney-client privilege not only for a corporation but also for an individual debtor in bankruptcy.

It is clear, of course, that a trustee may waive the attorney-client privilege for the corporate debtor. *CitiBank, N.A. v. Andros*, 8 Cir.1981, 666 F.2d 1192, 1196. An individual can be sent to prison on the testimony of his attorney divulging a confidence. A corporation cannot suffer any penalty greater than the loss of its fiscal assets. There is no reason why the trustee cannot waive a corporate debtor's attorney-client privilege. There is every reason, as I see it why the trustee cannot waive an individual debtor's attorney-client privilege. I believe that this distinction is recognized in *CitiBank,* where the court noted that:

> "By determining that the bankruptcy trustee may waive the corporate debtor's attorney-client privilege, we do not intimate that the trustee's waiver of the privilege should bar the officers from asserting in other proceedings their own individual attorney-client privilege."

Mr. Barron, the attorney in question here, is therefore instructed that the attorney-client privilege has been waived insofar as his corporate client is concerned and he shall answer any and all questions pertaining to corporate affairs. No communication made by personnel of the corporation, including de Lindegg, pertaining to corporate affairs is privileged. *In re O.P.M. Leasing Services, Inc.,* S.D.N.Y.1981, 13 B.R. 64, 68.

Because the trustee is without authority to waive de Lindegg's attorney-client privilege, Mr. Barron shall not disclose any communication made by de Lindegg to him as attorney pertaining to his personal affairs rather than the corporate affairs.