No. 22601.

Robert K. Weck, G. J. Rayburg, Sherwood Field, and Dan L. Williams v. District Court of the Second Judicial District, State of Colorado and The Honorable Saul Pinchick, a judge thereof.
(422 P.2d 46)

Decided January 9, 1967

Gorsuch, Kirgis, Campbell, Walker and Grover, for plaintiffs.

Haskel, Helmick, Carpenter & Evans, for defendants.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

THE plaintiffs above named filed their petition in this court, in which they prayed for the issuance of a rule directed to the above defendants requiring them to show cause why a motion filed by the plaintiffs in an action pending in the district court should not be granted.

In the motion to which reference is made the movant sought the production of certain documents. An objection to the granting of the motion was made on the ground that the documents to be examined consisted of the work product of a certified public accountant, and that they were not subject to examination without the consent of the client, the Clute Corporation, for whom they had been prepared. C.R.S. 1963, 154-1-7 (7) is the statute on which reliance is placed to sustain the objection.

For a complete understanding of the controversy we direct attention to the opinion of this court in *Weck v. District Court*, 158 Colo. 521, 408 P.2d 987, in which it was held that in the absence of a waiver on the part of "those duly constituted officers who are charged with the responsibility of managing the affairs" of the Clute Corporation, the documents sought by the plaintiffs could not be inspected.

Since the opinion in the above mentioned case was announced, the following instrument was duly executed by Ben H. Parker who is, and, at all times since January 14, 1963, has been the trustee of the Clute Corporation duly appointed in bankruptcy proceedings in the district court of the United States for the district of Colorado:

"I, BEN H. PARKER, Trustee of The Clute Corporation, a Colorado corporation, by virtue of an Order of the United States District Court for the District of Colorado, in Bankruptcy, in No. 32895, said Order being dated January 14, 1963, on behalf of said corporation hereby waive for all purposes of Civil Action No. B-63960 now pending in the District Court of the City and County of Denver, State of Colorado, all privileges

available to said corporation against disclosure of confidential communications, if any, between said corporation, its officers, directors, shareholders, agents and attorneys and any other person, intending specifically to waive the privilege known as the attorney-client privilege as to any communications to or from Bruce Kistler, and Hubert T. Weinshienk, or any of their partners, associates or employees, and the privilege known as the accountant-client privilege as to any communications to or from Peat, Marwick, Mitchell & Co., or any partner, associate or employee of Peat, Marwick, Mitchell & Co., and to or from J. D. Vander Ploeg or any partner, associate or employee of J. D. Vander Ploeg."

Following the execution of the above-quoted waiver the plaintiffs reapplied to the district court in Denver and renewed their motion for production of documents, and for enforcement of the original order of the district court which granted plaintiffs' motion for production of documents subject to obtaining a waiver of the privilege created by the aforementioned statute.

The district court denied the plaintiffs' motion on the ground that the document signed by Parker was ineffective to waive the privilege unless the United States District Court held that the Clute Corporation had no board of directors or officers.

The substance of the argument advanced by the plaintiffs is contained in the following quotation from their brief:

"The Order of the District Court denied plaintiffs' their right under Rule 34, Colorado Rules of Civil Procedure to make discovery of documents and the right to continue the depositions of John C. Eigeman and Harry T. Lewis free of the limitations imposed by the statutory privilege, now waived. The case is now in a posture where the trustee of The Clute Corporation has waived the privilege, counsel for The Clute Corporation disavows any authority to assert or waive

the privilege after first contending that this authority was not in the corporation, but in the trustee and the only persons contending that the privilege has not been waived are the accountants, Peat, Marwick, Mitchell & Co., and John C. Eigeman, who are not the persons protected by the privilege and who would be forced to disclose their record if the plaintiffs' position is upheld."

■■ The district court concluded that our opinion in *Weck, supra,* governed the matter at issue and required that the plaintiffs' motion be denied. The particular language which was deemed controlling reads as follows:

"\* \* \* The discretion to waive the protection afforded by the statute can only be exercised by the governing officials of the corporation, namely, the officers or the board of directors. C.R.S. 1963, 31-5-1, provided in pertinent part that,

" 'The business and affairs of a corporation shall be managed by a board of directors which shall exercise all the powers of the corporation, \* \* \*.' "

This language, read out of context, would seem broad enough to be all inclusive. However we hold that it must be limited in its application to the facts then being considered. No one in that proceeding placed any reliance on the fact that a trustee in bankruptcy had been named. The quoted portion of the opinion in that case was intended to deal with the question as to whether as between stockholders on the one hand and directors on the other, the protection afforded by the statute could be waived by the former. The factual situation now presented is materially different. In our former opinion rendered at that time, we pointed out that,

"\* \* \* it is clear from the record before us that The Clute Corporation, both by its court appointed trustee in bankruptcy and by the attorney for the corporation, has repeatedly asserted the privilege."

This language indicates that some authority in the

premises was lodged in the trustee. We hold that under the facts as they are now made to appear, the trustee, for the purposes of this case, stands in the shoes of the board of directors and has power, in the exercise of his discretion, to waive the privilege on behalf of the corporation.

The United States Bankruptcy Act confers broad powers upon a trustee in bankruptcy. In a wide area such trustee takes the place and exercises the office of the directors. *Sweet v. Barnard*, 66 Colo. 526, 182 Pac. 22; *Great Western v. Purdy*, 162 U.S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986

The rule is made absolute and the district court is directed to proceed with the discovery proceedings as prayed for in plaintiffs' motion.