In the Matter of HY–GAIN ELECTRON-ICS CORPORATION, Bankrupt.

In the Matter of HY–GAIN DE PUERTO RICO, INC., Bankrupt.

In the Matter of HY–GAIN ELECTRON-ICS SYSTEMS, CORP., Bankrupt.

Bankruptcy Nos. BK78–0–26, BK78–0–25 and BK78–0–81.

United States District Court, D. Nebraska.

Sept. 27, 1978.

Thomas D. Stalnaker, Omaha, Neb., for trustee.

Arnold Quittner, Los Angeles, Cal., for Citibank.

Sally S. Neely, Los Angeles, Cal., for Theodore and Andrew Andros.

Robert D. Kinsey, Jr., Lincoln, Neb., for Richard N. Thompson.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

During the course of these liquidations, Citibank, N.A., sought to take Rule 205 examinations of various parties, one of which was Richard N. Thompson. Mr. Thompson, an attorney, served simultaneously at various periods as director, Board of Directors Audit Committee member, secretary, treasurer, shareholder and general counsel to the bankrupts. At the taking of the 205 examination, Mr. Thompson produced forty-eight documents which he believed were within the attorney-client privilege. The law firm of Shutan and Trost, appearing on behalf of Theodore and Andrew Andros, former officers of the bankrupts, and also purportedly appearing as special counsel for the bankrupts claimed the attorney-client privilege covered an additional number of documents which numbered approximately two hundred twenty-five.

A threshold question is whether the trustee in bankruptcy may waive the attorney-client privilege on behalf of a bankrupt corporation. There are only two cases which have been brought to my attention which approach the question directly. *Weck v. Dist. Ct.*, 161 Colo. 384, 422 P.2d 46 (1967) concludes that a trustee in bankruptcy for a corporation has the power to waive the accountant-client privilege on behalf of the bankrupt corporation. *In re Amjoe, Inc.*, 11 CBC 45 (Bkrtcy.Ct.M.D.Fla.1976) concludes that the trustee in bankruptcy has the power to waive the attorney-client privilege on behalf of the bankrupt corporation. With all due respect for those decisions, I must disagree. Section 70(a) of the Bankruptcy Act [11 U.S.C. § 110(a)] describes those items of property which pass to the trustee. One of the items of property is:

> "(3) powers which he might have exercised for his own behalf, but not those which he might have exercised solely for some other person . . ."

Although it is tempting to read the foregoing provision as granting to the trustee powers which the bankrupt might have exercised for his own benefit, it is my conclusion that the powers which are referred to must initially be some kind of property pursuant to the literal language of § 70(a). I cannot conclude that the right to waive or claim an attorney-client privilege is a form of property pursuant to § 70. Although labels are sometimes as confusing as helpful, my conclusion is that the right to claim or waive the privilege is itself a privilege and not a form of property.

Accordingly, the Court has reviewed all the approximately two hundred seventy-three documents which are in dispute *in camera*. In doing so, I have attempted to follow the guidelines of *U. S. v. International Business Machines Corporation*, 66 F.R.D. 206 (S.D.N.Y.1974) as well as *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, rehearing granted and reversed at 572 F.2d 606 (8th Cir. 1977).

My conclusions are that all items listed on Exhibit A attached to this order except items 18, 19 and 24 are within the privilege. On Exhibit B, all items listed thereon are within the privilege except items 1 and 24. On Exhibit C all items which are circled under the column "Item" are privileged but all other items are not privileged. With regard to the seventeenth item on Exhibit C being a letter from Mr. Carrey to Mr. Gilroy dated March 29, 1977, portions thereof are not privileged but portions are. The Court has reproduced those non-privileged items and placed them in the packet with the other non-privileged items.

The privileged and non-privileged items have been placed in separate packets for the convenience of counsel. A separate order is entered in accordance with the foregoing.