666 F.2d 1192
 5 Collier Bankr.Cas.2d 1385, Bankr. L. Rep. P 68,505,
9 Fed. R. Evid. Serv. 906
In the Matter of CITIBANK, N.A., Appellant,
v.
Andrew ANDROS, Theodore Andros, Hy-Gain De Puerto Rico,
Inc., Hy-Gain Electronics Corporation, Hy-Gain
Electronics Systems Corporation and
Richard N. Thompson, Appellees.
 No. 81-1599.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 15, 1981.
Decided Dec. 16, 1981.
 
 Arnold M. Quittner, (argued), Jeffrey L. Parker, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., Cline, Williams, Wright, Johnson & Oldfather, Lincoln, Neb., for appellant, Citibank, N.A.
 Donn E. Davis, (argued), Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, Neb., for appellees, Andrew Andros, Hy-Gain De Puerto Rico, Inc., Hy-Gain Electronics Corp., Hy-Gain Electronics Systems Corp.
 Before BRIGHT and ROSS, Circuit Judges, and LARSON, Senior District Judge.*
 BRIGHT, Circuit Judge.
 
 
 1
 This case presents the single issue of whether the trustee in bankruptcy may waive the attorney-client privilege of a corporate debtor, over the objection of officers of the debtor corporation. The district court ruled that the trustee could not waive the privilege on behalf of the corporation. In the circumstances of this case, we conclude that the trustee may waive the bankrupt corporation's attorney-client privilege. Accordingly, we reverse the ruling of the district court.
 
 
 2
 I. Background.
 
 
 3
 The appellant, Citibank, N.A. (Citibank), the principal secured creditor of three bankrupt corporations (Hy-Gain),[1] attempted to obtain an order compelling production of certain documents by Hy-Gain. Citibank had served a notice of examination pursuant to Rule 205(a)[2] of the Federal Rules of Bankruptcy Procedure, directing Richard Thompson, a former officer of, and legal counsel to Hy-Gain, to produce certain corporate documents for inspection and copying. Richard Thompson appeared at the Rule 205 examination and asserted Hy-Gain's attorney-client privilege with respect to forty-eight documents. In addition, counsel for Theodore and Andrew Andros, officers of Hy-Gain, asserted the attorney-client privilege with respect to approximately 225 other documents on behalf of both Hy-Gain and the Andros brothers. The trustee in bankruptcy for Hy-Gain also attended the Rule 205 examination and waived Hy-Gain's attorney-client privilege.
 
 
 4
 On September 27, 1978, in response to Citibank's motion to compel production of the documents, the bankruptcy judge held that the trustee in bankruptcy could not waive Hy-Gain's attorney-client privilege, because the privilege did not pass as property to the trustee under section 70(a) of the Bankruptcy Act. See 11 U.S.C. § 110(a) (1976).[3] The bankruptcy judge then determined that forty-three documents claimed by Thompson were covered by Hy-Gain's attorney-client privilege, but the bulk of the documents claimed by the Andros brothers did not contain privileged communications.[4] Citibank appealed the bankruptcy judge's ruling to the district court, and on April 27, 1981, the district court entered an order affirming and adopting the bankruptcy judge's ruling in all respects. Thereafter, Citibank appealed,[5] contending that the bankruptcy trustee is the proper party to exercise the corporate debtor's attorney-client privilege.
 
 
 5
 II. Discussion.
 
 
 6
 Citibank contends that the authority to waive or assert the attorney-client privilege of the bankrupt corporation belongs to the trustee. Accordingly, Citibank argues that when, as here, the bankruptcy trustee has waived the attorney-client privilege, the officers of the bankrupt corporation may not bar disclosure of communications between the corporate client and its attorney by claiming the privilege on behalf of the corporation. Citibank points out that virtually every court facing this issue has concluded that the power to exercise a bankrupt corporation's attorney-client privilege belongs to the trustee. See In re O.P.M. Leasing Services, Inc., 13 B.R. 64 (S.D.N.Y.1981); In re Blier Cedar Co., 10 B.R. 993 (D.Me.1981) (Bankr. J.); In re Continental Mortgage Investors, No. 76-593-S (D.Mass. July 31, 1979); In re Amjoe, Inc., 11 Collier Bankr. Cases 45 (M.D.Fla.1976) (Bankr., J.); Weck v. District Court, 161 Colo. 384, 422 P.2d 46 (1967); but see In re Hy-Gain Electronics Corp., No. BK 78-0-26 (D.Neb. Sept. 27, 1978) (Bankr., J.); Ross v. Popper, 9 B.R. 485 (S.D.N.Y.1980) (Magis.) (dictum).
 
 
 7
 Appellees challenge the applicability of these cases on the ground that they involved reorganizations rather than liquidation petitions. In essence, appellees maintain that liquidation differs from reorganization, because in a liquidation the trustee protects the interest of the creditors, not the bankrupt corporation. We fail to see the significance of the appellees' distinction. The trustee in a reorganization or a liquidation has a fiduciary obligation to treat all parties fairly. See In re O.P.M. Leasing Services, Inc., supra, 13 B.R. at 69.
 
 
 8
 Whether the bankruptcy trustee may waive the corporate debtor's attorney-client privilege presents a question of first impression in this court. The Federal Rules of Evidence govern the resolution of this question in bankruptcy proceedings. See Fed.R.Evid. 1101; Fed.R.Bankr. P. 917. Ultimately, however, "the principles of common law as they may be interpreted by the courts of the United States in light of reason and experience(,)" Upjohn Co. v. United States, 449 U.S. 383, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981) (quoting Fed.R.Evid. 501), determine the scope of the attorney-client privilege.
 
 
 9
 This court recognizes that corporations, like individuals, enjoy the protections of the attorney-client privilege. Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 608 (8th Cir. 1978) (en banc). The privilege, however, belongs to the corporation. Therefore, the power to assert or waive the privilege belongs to management, not the individual officers of the corporation. See Diversified Industries, Inc. v. Meredith, supra, 572 F.2d at 611 n.5; In re O.P.M. Leasing Services, Inc., supra, 13 B.R. at 68.
 
 
 10
 The Bankruptcy Act vests in the bankruptcy trustee broad power to manage the affairs of the debtor. See In re O.P.M. Leasing Services, Inc., supra, 13 B.R. at 67. Because the right to decide whether to waive a corporation's attorney-client privilege belongs to management, the right to assert or waive that privilege passes with the property of the corporate debtor to the trustee. See In re Continental Mortgage Investors, No. 79-593-S, slip op. at 2 (D.Mass. July 31, 1979).
 
 
 11
 Citibank also relies on Proposed Federal Rule of Evidence 503(c)[6] as support for the bankruptcy trustee's right to exercise the corporate debtor's attorney-client privilege. Proposed Federal Rule of Evidence 503(c) states that the attorney-client "privilege may be claimed by the client, his guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not in existence." 56 F.R.D. 183, 236 (1972) (emphasis added). This proposed rule, as a source of federal common law, clearly indicates that the trustee acquires the power to assert or waive the privilege.
 
 
 12
 Appellees argue that Congress' action does not reflect an assumption that the common law grants to the trustee the power to exercise the attorney-client privilege. In amending the Bankruptcy Act, Congress included the following provision:
 
 
 13
 (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to disclose such recorded information to the trustee. (11 U.S.C. § 542(e) (Supp. IV 1980) (emphasis added).)
 
 
 14
 The legislative history to section 542(e) indicates that Congress enacted that provision to prevent attorneys and accountants from exercising the leverage of withholding documents and claiming liens under state law to obtain priority in payment of their claims over other creditors. S.Rep. No. 95-989, 95th Cong., 2d Sess. 84 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Congress, however, did not alter the legal concepts that govern the attorney-client relationship.
 
 
 15
 We hold, therefore, that the officers of a bankrupt corporation may not assert or waive the corporation's attorney-client privilege because that power vests exclusively in the bankruptcy trustee upon the bankruptcy adjudication.
 
 
 16
 By determining that the bankruptcy trustee may waive the corporate debtor's attorney-client privilege, we do not intimate that the trustee's waiver of the privilege should bar the officers from asserting in other proceedings their own individual attorney-client privilege. See Diversified Industries, Inc. v. Meredith, supra, 572 F.2d at 611 n.5 (en banc).
 
 
 17
 For the reasons stated, we reverse.
 
 
 
 *
 EARL R. LARSON, United States Senior District Judge, District of Minnesota, sitting by designation
 
 
 [1]
 The three bankrupt corporations, Hy-Gain De Puerto Rico, Inc., Hy-Gain Electronics Corporation, and Hy-Gain Electronics Systems Corporation will be referred to collectively as Hy-Gain
 
 
 [2]
 Rule 205(a) of the Federal Rules of Bankruptcy Procedure provides:
 (a) Examination on Application. Upon application of any party in interest, the court may order the examination of any person. The application shall be in writing unless made during a hearing or examination or unless a local rule otherwise provides.
 
 
 [3]
 The bankruptcy court adjudicated the Hy-Gain corporations bankrupt on April 4, 1978, before the effective date of the Bankruptcy Reform Act of 1978. Section 110(a)(3) of the former Bankruptcy Act, which governed those proceedings, provides:
 (a) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * (3) powers which he might have exercised for his own benefit, but not those which he might have exercised solely for some other person(.) (11 U.S.C. § 110(a)(3) (1976).)
 The bankruptcy judge reasoned that the "powers" which pass to the bankruptcy trustee under this section must constitute a form of property. The bankruptcy judge then determined that the right to waive or claim the attorney-client privilege does not constitute a form of property, and, therefore, no such right or claim passed to the trustee in bankruptcy.
 
 
 [4]
 The bankruptcy judge determined that 173 of the approximately 225 documents to which the Andros brothers claimed privilege were not privileged. In addition, the judge determined that portions of one other document contained unprivileged communications. He, however, ruled that the remaining documents were privileged
 
 
 [5]
 Appellant Citibank invokes the jurisdiction of this court under § 24 of the Bankruptcy Act, which provides:
 (a) The United States courts of appeals, in vacation, in chambers, and during their respective terms, as now or as they may be hereafter held, are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact: Provided, however, That the jurisdiction upon appeal from a judgment on a verdict rendered by a jury shall extend to matters of law only: And provided further, That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court. (11 U.S.C. § 47(a) (1976) (emphasis added).)
 This court may hear appeals from interlocutory orders if the order is from a proceeding in bankruptcy. If, however, the order arises from a controversy arising in proceedings in bankruptcy, the order must be a final order. See 2 Colliers on Bankruptcy P 24.12-.36 (14th ed. 1976); 9 Moore's Federal Practice P 110.19(5) (2d ed. 1980). We deem a Rule 205 examination as a proceeding in bankruptcy. An order entered in connection with such an examination, whether final or interlocutory, is appealable of right. See In re W.F. Breuss, Inc., 586 F.2d 983, 986 (3d Cir. 1978).
 
 
 [6]
 The rules on privileges, drafted by the Judicial Conference Advisory Committee on Rules of Evidence and submitted to Congress by the Supreme Court, contain Proposed Federal Rule of Evidence 503 on the attorney-client privilege. Congress, however, rejected all the proposed rules governing privileges and instead enacted Rule 501 providing the courts with flexibility to develop rules of privilege on a case-by-case basis. See Trammel v. United States, 445 U.S. 40, 47, 100 S.Ct. 906, 910, 63 L.Ed.2d 186 (1980). Despite Congress' failure to enact the proposed rules on privileges, courts have continued to look to the proposed rules as a source for defining the federal common law of attorney-client privilege. See Diversified Industries, Inc. v. Meredith, supra, 572 F.2d at 605 n.1 (Heaney, J., concurring and dissenting) (Judge Heaney's dissenting opinion was approved in substance by the court en banc, 572 F.2d 606-11 (8th Cir. 1978); In re Grand Jury Proceedings, 434 F.Supp. 648, 650 n.1 (E.D.Mich.1977), aff'd, 570 F.2d 562 (6th Cir. 1978)