EGINTON, District Judge:
 

 This appeal is from an order of the United States District Court for the Southern District of New York (Judge Edward Wein-feld) affirming an order of U.S. Bankruptcy Judge Burton R. Lifland authorizing the former law firm of a bankrupt corporation to disclose to the trustee in bankruptcy information and documents otherwise within the attorney-client privilege, pursuant to waiver of that privilege by the trustee in behalf of the corporation, which waiver was found by the bankruptcy judge and by the district court to be within the power of the trustee to assert. The following pertinent facts are adopted from the opinion of the district court, and have not been contested on appeal.
 

 O.P.M. Leasing Services, Inc. (“OPM”) was a computer leasing and financing firm which on March 11, 1981 filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978. Shortly thereafter, on application of creditors who charged OPM with fraud, the bankruptcy court appointed James P. Has-sett as trustee to act pursuant to all of the powers and duties pertaining to such a trustee under 11 U.S.C. § 1106(a).
 
 [1]
 
 Pursuant
 
 *385
 
 to 11 U.S.C. § 1108, the trustee has continued operation of the debtor’s business.
 

 When the Chapter 11 petition was filed, appellant Mordecai Weissman was the president of OPM and appellant Myron S. Goodman was vice president. Both were directors of OPM, which was a wholly-owned subsidiary of Cali Trading International Ltd. (“CALI”), a closely-held corporation. The appellants owned 100% of the shares of CALI on a 50-50 basis, but the voting rights were solely possessed by appellant Weissman, pursuant to a shareholder’s agreement with Goodman. In the same month in which the trustee was appointed for OPM (March, 1981) Weissman and Goodman each filed voluntary petitions for liquidation under Chapter 7 of the Bankruptcy Reform Act, and resigned as officers and directors of OPM and of CALI. Thus, OPM and CALI at all times pertinent hereto have been without a Board of Directors and without officers, although the appellants continue to hold all of the shares of CALI and appellant Weissman continues to possess the voting rights to those shares.
 

 From 1971 until the end of 1980 the law firm of Singer, Hutner, Levine & Seeman, P.C. (“Singer Hutner”) served as outside general counsel to OPM, providing a variety of legal services. During this same time period Singer Hutner also represented Weissman and Goodman in their individual capacities and in matters unrelated to the corporation.
 

 In April, 1981, within a month of his appointment, the trustee requested that Singer Hutner provide him with information and documents relating to its past representation of OPM, including information and documents admittedly within the scope of the attorney-client privilege. The trustee asserted his statutory duty pursuant to 11 U.S.C. § 704, § 1106 and § 1108 to investigate and manage the affairs of the corporation and to enable him to furnish information concerning the estate of the debtor as might be requested by interested parties. Among those interested parties was the United States Attorney for the Southern District of New York who had convened a grand jury to investigate the activities of OPM and of appellants Weiss-man and Goodman. The United States Attorney had served on the trustee a grand jury subpoena
 
 duces tecum
 
 calling for the production of OPM records during its operation prior to the filing of the Chapter 11 petition and had specifically requested that the trustee waive the corporation’s attorney-client privilege and turn over corporate documents required in connection with the grand jury investigation. In addition, third party creditors were also seeking information from the trustee with respect to the conduct and affairs of OPM during the period that the appellants were its operating officials and directors.
 

 Singer Hutner responded to the trustee’s request by indicating its willingness to cooperate, but noting its obligation to preserve privileged confidences of its former client, OPM, unless directed by a court of competent jurisdiction to make disclosure. Accordingly, on May 6, 1981, the trustee filed in the bankruptcy court an application for an order requiring Singer Hutner to communicate with the trustee and to provide documents as requested. The aforementioned creditors of OPM joined in the motion. The appellants opposed the application, contending that appellant Weissman is the sole person authorized to waive the privilege, based upon his voting rights agreement as the sole voting stockholder of CALI, in turn the sole stockholder of OPM. On June 10, 1981 the bankruptcy court entered its order “on the basis of the facts and circumstances of this case” (A.-157) that the trustee succeeded to the right of the corporation to assert or waive the attorney-client privilege between OPM and Singer Hutner. Weissman and Goodman appealed to the United States District Court, and on July 23, 1981 Judge Weinfeld ruled “that the debtor’s attorney-client privilege passes by operation of law to its trustee and that no individual officer or director prior to the appointment of the trustee has or retains
 
 *386
 
 any power with respect to the debtor’s attorney-client privilege.” The court added that once that right has become vested in the trustee, the assertion or the waiver of the privilege is a matter of the trustee’s “sole judgment” and is not subject to veto by third parties who may have conveyed information to corporate counsel prior to the filing of the petition, and who may possibly be affected by the decision of the trustee to waive the privilege. (A.-193).
 

 Weissman and Goodman appealed to this court and requested that the court enter a stay, the application for which had been denied by the district court. This court granted the stay pending the entry of its decision. For the reasons set forth below, we affirm the orders of the bankruptcy judge and the district court, and accordingly we vacate the stay.
 

 The parties do not contest that a corporation such as OPM possesses the attorney-client privilege and may waive or assert it.
 
 Upjohn Co. v. United States,
 
 449 U.S. 383, 390, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981). The parties likewise agree that a corporation entering into bankruptcy retains the attorney-client privilege, both citing
 
 People’s Bank v. Brown,
 
 112 F. 652, 654 (3rd Cir. 1902). The controversy concerns the proper entity to assert or to waive that privilege in behalf of the corporate debtor. The appellants have at all stages argued that there is no automatic succession to the trustee, but that the decision must be made on an individual case basis.' The appellants have urged this court to remand the case to the bankruptcy judge for a finding of particular facts which the appellants are confident would result in the right being awarded to Weissman. as the sole voting stockholder of CALI, the parent of OPM.
 

 In affirming the order of the bankruptcy judge, this court need not decide whether to adopt the broad holding of the district court that the attorney-client privilege of a corporate debtor passes by operation of law to its trustee in bankruptcy.
 
 [2]
 
 We are satisfied, without the need for a remand, that the district court was correct in concluding that “the balancing of competing interests evaluated by the Bankruptcy Judge in his opinion below fully justifies a finding that the trustee is entitled to exercise the debtor’s attorney-client privilege in this particular case.” (A.-201). Appellant’s claim that the bankruptcy judge failed to set forth any facts is unpersuasive. The facts urged by the appellants are not those essential to the ruling of the bankruptcy judge. After setting forth the same factual framework incorporated into the district court opinion and again set forth at the outset of this opinion, the bankruptcy judge then enunciated the following proposition with which this court concurs:
 

 “A corporation is an artificial creature of law functioning through representatives. It is axiomatic that the power to invoke or waive the privilege lies in the corporate client acting through its board of directors or management.” (A.-140).
 

 While it is true that the bankruptcy judge nowhere in his opinion explicitly sets forth the crucial fact found in the district court opinion (and conceded by all parties) that there has been no board of directors of OPM in existence during the tenure of the trustee, nevertheless the bankruptcy judge
 
 *387
 
 was obviously aware of that situation, and refers to the status of management in his discussion of the appellant’s contentions at pages 26 and 27 of his opinion (A.156-7).
 

 We hold simply that, as codified in New York Business Corporation Law § 701, (McKinney 1979), management of a corporation is a function vested in a board of directors, which function may be delegated only to corporate officers. Shareholders have no power to do anything except to elect the members of the board. We hold that in this situation the power to make such a decision as is encompassed by assertion or waiver of the important attorney-client privilege adheres to the trustee by virtue of the nonexistence of any other entity authorized to so act.
 

 The judgment of the district court is hereby affirmed.
 

 [1]
 

 . Subsection 1106(a)(3) provides that the trustee shall, “except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan”.
 

 [2]
 

 . We also find it unnecessary to accept the district court’s emphasis on property concepts as the basis for the attorney-client privilege in the corporate context, although we note the recent decision of the Court of Appeals for the Eighth Circuit applying the property concept rationale, with extensive citation of Judge We-infeld’s opinion.
 
 In the Matter of Citibank, N.A. v. Andros et als,
 
 666 F.2d 1192 (8th Cir. 1981).
 
 Compare Ex Parte Fuller,
 
 262 U.S. 91, 43 S.Ct. 496, 67 L.Ed. 881 (1923);
 
 In Re Amjoe, Inc.,
 
 ¶ 66.131, 11 C.B.C. 45 (M.D.Fla.1976), with
 
 In Re Hy-Gain Electronics, Inc.,
 
 11 B.R. 119 (D.Neb.1978).
 
 See Upjohn Co. v. United States,
 
 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Nor need we agree that the trustee’s undoubted duty to treat all parties fairly will not place him in conflict with the interests of the debtor,
 
 see Ross v. Popper,
 
 9 B.R. 485, 487 (S.D.N.Y.1980) (recognizing that trustee may frequently uphold interests of general creditors whether or not they are opposed to interests of the bankrupt corporation).