**In re CRESCENT BEACH INN, Debtor.**

**Bankruptcy No. 182–00194.**
**Contested No. C11–31021.**

United States Bankruptcy Court,
D. Maine.

March 20, 1984.

---

Richard A. Davis, Portland, Me., pro se.

Peter Plumb, Murray, Plumb & Murray, Portland, Me., for debtor.

George Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for plaintiff.

Clarke C. Hambley, Jr., Portland, Me., for defendant.

Robert Keach, Verrill & Dana, Portland, Me., Trustee.

Peter Greenleaf, Portland, Me., Asst. U.S. Trustee.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

JAMES A. GOODMAN, Bankruptcy Judge.

Richard A. Davis has filed an objection to debtor's counsel's application for compensation, alleging, *inter alia,* that debtor's counsel "held and represented interests adverse to the estate, was not a disinterested party, and had conflicts of interest among the clients it purported to represent." Davis alleges that conflicts of interest arose from debtor's counsel's representation of Barbara Davis and Donald Davis. Richard Davis served a notice of deposition upon debtor's counsel, requiring the production of all records concerning the representation by Murray, Plumb & Murray, P.A. [debtor's counsel], of Donald E. Davis, Barbara P. Davis and Crescent Beach Inn, Inc., both before and after filing of the [debtor's] Chapter 11 proceeding, including but not limited to, all of the original time records of Donald E. Davis, Barbara P. Davis and Crescent Beach Inn, Inc., whether or not submitted as part of a Verified Application for Approval of Compensation filed by Murray, Plumb & Murray, P.A., on September 19, 1983.

Debtor's counsel has moved for a protective order on the grounds that the documents requested are (1) not sufficiently described; (2) irrelevant; and (3) protected by the attorney-client privilege.

■ Pursuant to Bankruptcy Rules 7030 and 7034, a request to produce documents "shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Fed.R.Civ.P. 34(b).

Particularity of designation, however, like so many other things in life and law, is a matter of degree, depending upon a pragmatic consideration of the circumstances in each case. Necessarily the test must be a relative one, turning on the degree of knowledge that a movant in a particular case has about the documents he requests.... Even a generalized designation should be sufficient when the party seeking discovery cannot give a more particular description and the party from whom discovery is sought will have no difficulty in understanding what is wanted.

C. Wright & A. Miller, 8 *Federal Practice and Procedure* § 2211 at 628–29 (1970). It appears that debtor's counsel understands what is wanted in this case. Nothing before the Court indicates that compliance with the request will be unduly burdensome. The Court finds that under the facts of this case, the request for production is sufficiently specific.

▮ Turning to the request for records concerning debtor's counsel's representation of Donald and Barbara Davis, the Court holds that records revealing fees paid for legal work and the general nature of legal work performed are not within the attorney-client privilege. "Such records do not constitute confidential communications, and are therefore not privileged."[1] *In re Crescent Beach Inn, Inc.,* Case No. 182–00194, C11–31021 (Bankr.D.Me. Feb. 15, 1984) (footnote omitted).

▮ As for other records concerning representation of Donald and Barbara Davis, the attorney-client privilege may well apply. However, it is unlikely that *all* records in a client's file are so protected. *See generally* C. Wright & A. Miller, 8 *Federal Practice and Procedure* § 2017 (1970). Again, while many records concerning Barbara and Donald Davis may be irrelevant to the issues in this proceeding, it is not obvious to the Court that *all* such records are irrelevant. The burden is upon the movant to show the necessity for the issuance of a protective order by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements...." *Id.* § 2035 at 265; *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir.1973). Movant at this point has failed to meet that burden.[2]

▮ Finally, Richard Davis seeks production of records concerning representation of the debtor. Debtor's counsel contends that the attorney-client privilege applies. Guidance to the proper resolution of this issue may be found in Supreme Court Standard 503 (Proposed Federal Rule of Evidence 503), which, even though not accepted by Congress, "may be regarded as a fairly authoritative source of the federal common law which governs in this situation." *United States v. DeLillo,* 448 F.Supp. 840, 842 (E.D.N.Y.1978); *see* Fed.R.Evid. 501. Proposed rule 503(c) provides that the privilege may be claimed by the "successor" of a corporation. *See* J. Weinstein & M. Berger, *Weinsteins Evidence* 503–1 (1982). "So far as corporation law is concerned, the words 'successor' and 'succession' have no fixed meaning in all cases." 15 *Fletcher Cyclopedia of Corporations* § 7203 at 426 (1983). "It would seem that such terms might well apply to a reorganized company...." *Id.* at 427. However, the term should be interpreted in light of the surrounding circumstances. *Id.*

In this case, the debtor's confirmed plan of arrangement provides that "all real and personal property of the Debtor, tangible and intangible, including the right to use the name: 'Crescent Beach Inn', shall vest in Richard A. Davis or his nominee...." In return, Davis or his nominee paid cash sufficient to pay priority claims and a dividend to unsecured creditors. Secured creditors retained their liens on the property transferred to Davis or his nominee. No purpose underlying the attorney-client privilege would be served by distinguishing this case from the typical case of corporate succession clearly contemplated to be covered by proposed rule 503(c). Accordingly, the Court concludes that Davis (or his nominee) is the debtor's successor, and may assert or waive the attorney-client privilege. It is

ORDERED, that debtor's counsel's motion for a protective order with respect to records concerning representation of the debtor is denied. It is further

ORDERED, that debtor's counsel's motion for a protective order with respect to records concerning representation of Donald E. Davis and Barbara P. Davis is denied without prejudice.

---

1. While descriptions of the *general* nature of legal work performed are not privileged, *specific* descriptions may intrude upon the area of confidential communications. *See United States v. Osborn,* 409 F.Supp. 406, 411 (D.Or. 1975), *rev'd on other grounds,* 561 F.2d 1334 (9th Cir.1977). Specific objections to specific entries may be made at the deposition.

2. Movant may raise specific objections with respect to specific files or records at the deposition.