**In re CRESCENT BEACH INN, INC., Debtor.**

**Bankruptcy No. 182–00194, C11–31021.**

United States Bankruptcy Court, D. Maine.

April 26, 1984.

Richard A. Davis, pro se.

George Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for Richard A. Davis.

Clarke C. Hambley, Jr., Portland, Me., Peter Plumb, Murray, Plumb & Murray, Portland, Me., for Crescent Beach Inn, Inc.

Robert Keach, Verrill & Dana, Trustee, Peter Greenleaf, Asst. U.S. Trustee, Portland, Me.

## ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION

JAMES A. GOODMAN, Bankruptcy Judge.

On March 20, 1984, this Court, 37 B.R. 894, entered its order denying Murray, Plumb & Murray's motion for a protective order. On March 30, 1984, Murray, Plumb & Murray filed a motion for partial reconsideration of that order.[1]

In its motion for reconsideration, movant does not dispute this Court's determination that Richard A. Davis (or his nominee) is the successor to the debtor-corporation. Rather, movant argues, as it did in support of its original motion for protective order, that the recent case of *Commodity Futures Trading Commission v. Weintraub,* 722 F.2d 338 (7th Cir.1983), should lead this Court to hold that a successor may not waive its predecessor-corporation's attorney-client privilege.

Whether *Commodity Futures* was rightly decided need not here be decided,[2] for it is clearly distinguishable from the instant case. *Commodity Futures* dealt with the issue of whether or not a trustee of a bankrupt corporation could waive the corporation's attorney-client privilege where corporate officer/shareholders opposed waiver. In determining that the trustee could not, the Court noted that the bankrupt corporation continued to exist and was "capable of numerous functions even after the filing of the petition in bankruptcy." *Id.* at 342. The Court distinguished *In re O.P.M. Leasing Services, Inc.,* 670 F.2d 383 (2d Cir.1982), on the grounds that in *O.P.M. Leasing* there was no entity other than the trustee authorized to waive the attorney-client privilege (all officers and directors of the debtor corporation having resigned). *Id.* at 341. Because the corporation continued as an entity independent of the trustee, the Court concluded it would be unfair to allow a trustee to be able to waive a debtor-corporation's privilege when a trustee cannot waive an individual-debtor's privilege in similar circumstances. *Id.* at 342.

In the instant case, Richard A. Davis is the successor of the debtor. Rather than a contest between a trustee and an independent debtor, here Davis is for all practical purposes the only entity involved. On the facts in this case, he is the debtor. Unlike a trustee, Davis, as the debtor's successor, does "replace the corporation as an entity." *Commodity Futures,* 722 F.2d at 342. He or his nominees do "succeed to the positions of the officers and directors of the [debtor] corporation." *Id.* To hold in favor of the movant would be analogous to allowing *former* officers or directors of a corporation to assert or waive the corporation's attorney-client privilege, a result rejected by this Court.[3] *See In re Blier*

---

1. Movant also filed a motion asking this Court to grant leave to appeal from this Court's March 20th order (although movant apparently did not file a notice of appeal—*see* Bankruptcy Rule 8003(b)). While such a motion is properly *filed* with the clerk of the bankruptcy court, it should be *addressed* to the district court. Bankruptcy Rule 8003 (Advisory Committee Note). Thus, no action shall be taken by this Court upon the motion for leave to appeal.

   Also of relevance to the proper procedure for appeal is whether the motion for partial reconsideration should be treated as a motion to alter or amend a judgment under Bankruptcy Rule 9023. *See* Bankruptcy Rule 8002(b). Had movant filed his motion a day later, this Court might have been required to decide that issue. *See Silk v. Sandoval,* 435 F.2d 1266 (1st Cir.1971). However, movant's motion appears to be timely filed under any relevant procedure. Therefore, this Court need not explore such issues as whether the March 20th order is encompassed within the definition of "judgment" for purposes of Bankruptcy Rule 9023, *see* Bankruptcy Rules 9001(7), 9002(2), 9002(5), or whether it qualifies as a "final judgment, order, or proceeding" for purposes of Bankruptcy Rule 9024.

2. There is substantial authority to the contrary. *See, e.g., In re O.P.M. Leasing Services, Inc.,* 670 F.2d 383 (2d Cir.1982); *Citibank, N.A. v. Andros,* 666 F.2d 1192 (8th Cir.1982); *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.),* 30 B.R. 883 (Bankr.D.Colo.1983); *In re National Trade Corp.,* 28 B.R. 872 (Bankr.N.D. Ill.1983).

3. In further support of its position movant argues that communications between lawyer and client will be "chilled" by this Court's March 20th order, and cites *Upjohn Co. v. United States,* 449 U.S. 383, 393, 101 S.Ct. 677, 684, 66 L.Ed.2d 584 (1981), for the proposition that:

   if the purpose of the attorney-client privilege is to be served, the attorney and client must

*Cedar Co., Inc.,* 10 B.R. 993, 997 n. 5 (Bankr.D.Me.1981).

Movant simply seeks to elevate form over substance. The Court remains unpersuaded. It is

ORDERED, that the motion for partial reconsideration is denied.

be able to predict with some degree of certainty whether particular discussions will be protected.

As the context makes clear, the Supreme Court was here discussing the need for certainty in determining whether particular discussions will be protected by the attorney-client privilege itself, an issue not before this Court in this case. *Commodity Futures* envisions a "chilling effect" if a trustee is permitted to waive a debtor-corporation's attorney-client privilege, apparently from a fear that the trustee, whose interests may not coincide with the debtor's, will waive the privilege when the debtor would not. 722 F.2d at 342, 343. In the instant case, it is the successor to the debtor who seeks to waive the privilege, not a third party with interests adverse to the debtor.