**In re Clarence Max WILLIAMS, Debtor.**

**Bettina M. WHYTE, Trustee for the CMW Liquidating Trust, Plaintiff,**

v.

**Clarence Max WILLIAMS, Defendant.**

**Bankruptcy No. 391–32764–SAF–11. Adv. No. 392–3007.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

June 4, 1992.

Barbara Houser, Sheinfeld, Maley & Kay, P.C., Dallas, TX, for plaintiff.

Michael P. Massad, Jr., Taylor & Mizell, P.C., Dallas, TX, for debtor/defendant.

### *MEMORANDUM OPINION AND ORDER*

STEVEN A. FELSENTHAL, Bankruptcy Judge.

In this adversary proceeding, the court must determine whether Bettina M. Whyte, the liquidating trustee of the CMW Liquidating Trust created by the confirmed plan of liquidation in the Clarence Max Williams Chapter 11 bankruptcy case, has the power to waive or invoke Williams' attorney/client privilege, accountant/client or other applicable evidentiary privileges pertaining to communications concerning allegedly avoidable transfers that took place before the filing of the bankruptcy petition. By motion for summary judgment, Whyte contends that she obtained that power upon the confirmation of Williams' plan of liquidation. By a countermotion for summary judgment, Williams contends that the power is personal to him and did not pass to the trustee under the terms of the plan. Because under the Bankruptcy Code the privilege as a rule of evidence may be invoked or waived by the person owning the related causes of action, the court grants Whyte's motion for summary judgment.

On September 18, 1990, Williams filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Upon the entry of an order for relief, Williams became a debtor in possession. 11 U.S.C. §§ 1106(a) and 1108. On October 30, 1990, the United States Trustee appointed the Official Committee of Unsecured Creditors.

Williams and the committee negotiated a joint plan of liquidation under Chapter 11 of the Code. The court confirmed the joint plan by order entered February 7, 1992. The plan became effective on February 18, 1992.

The plan established the CMW Liquidating Trust. The court approved the appointment of Bettina M. Whyte as the liquidating trustee.

Under Article 25.5 of the plan, the causes of action belonging to the debtor in possession under §§ 502, 542, 544, 545, 546, 547, 548, 549, 550 and 553 of the Code were transferred to the liquidating trust. Whyte, as the liquidating trustee, was declared to be the representative of the estate under § 1123(b)(3) of the Code, with the power to prosecute the transferred causes of action. Williams repurchased certain other assets from his bankruptcy estate as part of the plan.

Williams and the committee disagreed on whether any attorney/client privilege or accountant/client privilege pertaining to communications concerning the transferred causes of action would be controlled by Whyte as the liquidating trustee or by Williams as the debtor. In their joint plan, Williams and the committee agreed to defer resolution of that issue for an adversary proceeding before this court.

Whyte filed this adversary proceeding seeking a declaratory judgment that she exercises control over any applicable evidentiary privilege. The parties have presented the issue for resolution to the court by cross-motions for summary judgment. The court conducted a hearing on May 1, 1992.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and other matters presented to the court, together with the affidavits, if any, show that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Washington v. Armstrong World Industries Inc.*, 839 F.2d 1121 (5th Cir.1988). On a summary judgment motion the inferences to be drawn from the underlying facts are to be drawn in a light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

The mere existence of a factual dispute does not by itself preclude the granting of summary judgment. The plaintiff must establish that there is no "genuine" issue of "material" fact. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. A fact is considered material only if it might affect the outcome of the suit under governing law.

The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The non-movant may not rest on the mere allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court must determine the governing law. When the record taken as a whole and with inferences viewed in the light most favorable to the non-movant could not result in a judgment for the non-movant under governing law, summary judgment is appropriate.

The liquidating trustee argues that in her role as the court appointed representative of the bankruptcy estate, she is charged with prosecuting causes of action for the benefit of the unsecured creditors who hold claims in excess of $100 million. The trustee intends to begin discovery concerning potential fraudulent conveyance or preference causes of action and anticipates that Williams will assert attorney/client or accountant/client privileges that would "thwart" her ability to commence the discovery process. Whyte contends that there is no genuine issue of material fact that the privileges transferred to her as the liquidating trustee and that she now holds those privileges.

Williams states that there is no support for holding that a trustee may exercise control over an individual debtor's evidentiary privileges. He agrees that a corporate debtor in possession's privilege can be waived by the trustee but argues that the privilege cannot be waived in the case of an

individual debtor and that the privilege remains with him.

■ This adversary proceeding addresses the evidentiary privileges established by the rules of evidence.[1] *See* Federal Rule of Evidence 501. A rule of evidence is a principle "whereby we determine what testimony is to be admitted and what rejected … and what is the weight to be given to the testimony admitted." *Kring v. State of Missouri*, 107 U.S. 221, 232, 27 L.Ed. 506 (1882). A "privilege" is a rule which permits the exclusion of evidence in order to protect an interest or relationship. An attorney/client privilege serves to protect a client in his dealings with counsel. *Ex parte Lipscomb*, 111 Tex. 409, 239 S.W. 1101 (1922). An accountant/client privilege serves a similar function. Because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact finding function, they are not favored and, where recognized, must be narrowly construed. The court determines the application of an evidentiary privilege if invoked in the course of litigation. The court considers the particular factual circumstances of the case to decide whether a privilege exists and weighs the fact finding function against the importance of the relationship or the policy sought to be furthered by the privilege. *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir.1981). The privilege attaches if the subject matter is such that it may become the subject of judicial inquiry. *See* 81 A.Jur.2d *Witnesses*, § 197 at 231–32 (1976). The privilege attaches, however, irrespective of whether the matter for which advice is sought has litigation begun or contemplated. *Alexander v. United States*, 138 U.S. 353, 358, 11 S.Ct. 350, 352, 34 L.Ed. 954 (1891). As a rule of evidence, the evidentiary privileges exist only for matters that may become the subject of judicial inquiry. In this case, the judicial inquiry relates to pre-petition transfers that may be the subject of avoidance causes of action transferred to the liquidating trust. The privileges would be invoked or waived in connection with or in relation to the causes of action transferred and assigned to the trust. As the owner of these causes of action, Whyte must exercise control over the privileges.

■ In *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), the Supreme Court held that when a corporation files a petition for relief under Chapter 7 of the Bankruptcy Code, the Chapter 7 trustee obtains control over the debtor corporation's pre-petition attorney/client privilege. The Court reasoned that the corporation, as an inanimate person, is controlled by its management. When the corporation files a petition for relief under Chapter 7 of the Code, control of the corporation passes from its management to the Chapter 7 trustee. *Weintraub*, 471 U.S. at 352, 105 S.Ct. at 1992. Similarly, if the corporation files a petition for relief under Chapter 11 of the Code, control of the corporation passes from the corporation as a "debtor" to the corporation as a "debtor in possession."

■ The debtor in possession is a fiduciary for the bankruptcy estate. Although prior to a bankruptcy filing management's fiduciary duty went to the corporation's shareholders, with a debtor in possession that fiduciary duty changes by running to the creditors as well as the shareholders. Although management of the corporation in a Chapter 11 case remains in control of the debtor in possession, it must exercise control of the corporation's evidentiary privileges consistently with its fiduciary obligation to the entire bankruptcy estate, specifically including the creditors. Consequently, the debtor in possession as a fiduciary for the bankruptcy estate obtains control of the debtor's prepetition evidentiary privileges. *See Weintraub*, 471 U.S. at 355–56, 105 S.Ct. at 1994–95. As the Supreme Court analyzed the issue, by the same token, if a Chapter 11 trustee is appointed, the debtor ceases to be a debtor in possession and control of the debtor's prepetition attorney/client privilege passes to

---

1. The case does not involve any other type of privilege, specifically any privilege granted or

reserved for individuals by the Constitution of the United States, as amended.

the Chapter 11 trustee. *In re O.P.M. Leasing Services, Inc.*, 13 B.R. 64 (S.D.N.Y. 1981).

The Court in *Weintraub* did not decide who exercised control over an evidentiary privilege in the case of an individual debtor. The Court did observe, however, that an individual acts for himself not through management. The Court suggested that if control over the individual's attorney/client privilege passed to a trustee it must be on a basis different than the analysis that management controls the privilege of the inanimate corporate debtor. *Weintraub,* 471 U.S. at 357, 105 S.Ct. at 1995.

■■■■■ About a half a decade after the *Weintraub* decision, the Supreme Court held that an individual debtor could file a petition for relief under Chapter 11 of the Code thereby becoming a debtor in possession. *Toibb v. Radloff,* — U.S. —, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). Recognizing that corporate governance is not an issue, the individual debtor who becomes an individual debtor in possession nevertheless obtains the fiduciary responsibility of any debtor in possession. Like the corporation which becomes a debtor in possession upon the bankruptcy filing, an individual debtor in possession becomes a fiduciary to the bankruptcy estate with rights and duties different than the pre-bankruptcy individual. "Insolvency is a most important and material fact ... the mere fact of its existence may change radically [an individual's] rights and obligations." *McDonald v. Williams,* 174 U.S. 397, 404, 19 S.Ct. 743, 745, 43 L.Ed. 1022 (1899). Accordingly, an individual debtor in possession must exercise control over the individual's attorney/client and accountant/client privileges consistent with his fiduciary responsibility. One of the debtor in possession's obligations as a fiduciary is to analyze, investigate and prosecute the avoidance actions established under Chapter 5 of the Code for the benefit of his creditors.

■■■■■ In this case, prior to plan confirmation, the creditors' committee began to investigate whether certain pre-petition transfers to the debtor's family members could be avoided under the Code. An individual debtor may have substantial difficulty in exercising fiduciary responsibilities to seek to avoid transfers made to members of his own family. Where the debtor in possession unjustifiably refuses to bring an avoidance action, a creditors' committee may move the court for authorization to bring the action on behalf of the estate. *See Louisiana World Exposition, Inc. v. Federal Insurance Company,* 832 F.2d 1391 (5th Cir.1987); *Louisiana World Exposition, Inc. v. Federal Insurance Company,* 858 F.2d 233 (5th Cir.1988), *reh'g den.,* 864 F.2d 1147 (5th Cir.1989); Averch, *The ability to assert claims on behalf of the debtor: does a creditor have a leg to stand on?,* 96 Comm.L.J. 115 (1991). With a statute of limitations running, the creditors' committee successfully obtained that relief in this case with respect to one cause of action. *See* Order granting Official Unsecured Creditors Committee Authority to prosecute lawsuit against Wayne Cooper on behalf of debtor's estate, entered January 3, 1992. When a committee obtains court authorization to prosecute a Chapter 5 cause of action on behalf of the estate, that committee gains control over the exercise of the evidentiary privileges. *See In re First RepublicBank Corp.,* Case No. 388–34546–SAF–11 and *IFRB Corp.,* Case No. 388–34547–SAF–11, order entered December 6, 1989, transferring control of the attorney/client privilege to the IFRB committee as it related to "matters within the scope of examinations" authorized by this court. The committee obtains fiduciary responsibility to liquidate the avoidance action, if possible. The control over the evidentiary privilege in connection with or in relation to the avoidance action must be exercised by the fiduciary charged with liquidating the action.

■■■■ In their joint plan, the debtor and the committee agreed that all remaining causes of action held by the debtor in possession under Chapter 5 of the Code would be transferred by the plan to the liquidating trust. Although Whyte, as the liquidating trustee, is not a bankruptcy trustee, *see Holywell Corp. v. Smith,* — U.S. —, —, 112 S.Ct. 1021, 1026, 117 L.Ed.2d 196

(1992), the liquidating trust became the owner of the Chapter 5 causes of action held by the debtor in possession. As the designated representative of the estate under § 1123(b)(3), the liquidating trustee succeeds to the debtor in possession as the fiduciary to prosecute the Chapter 5 causes of action on behalf of the bankruptcy estate. Congress enacted the avoidance provisions of Chapter 5 of the Code to permit a fiduciary of the estate to recapture assets to be equitably distributed to the creditors of the estate. As the Supreme Court explained in *Weintraub,* the bankruptcy fiduciary must exercise control over the avoidance litigation, including the power to invoke or waive the evidentiary privileges, in order to benefit the entire bankruptcy estate. *Weintraub,* 471 U.S. at 353–54, 105 S.Ct. at 1993–94.

The causes of action subject to this adversary proceeding are those specific causes of action granted to a bankruptcy trustee by Chapter 5 of the Code and transferred to the liquidating trust under the confirmed joint plan of liquidation with Whyte acting as the representative of the estate under § 1123 of the Code. As a result of the confirmed joint plan, like the debtor in possession or the creditors committee authorized to prosecute avoidance actions on behalf of a bankruptcy estate, the liquidating trustee must attempt to liquidate those causes of action to provide a benefit to the estate. To do so, the liquidating trustee succeeds to control over the evidentiary privileges in connection with the avoidance causes of action or subject matter. *See In re Sweetwater,* 884 F.2d 1323, 1327 (10th Cir.1989) ("[i]f § 1123(b)(3)(B) is to function ..., a reorganization plan must empower a representative of the estate to enforce claims of the estate."); *see also, In re Crescent Beach Inn,* 37 B.R. 894, *reconsideration denied,* 40 B.R. 56 (Bankr.D.Maine 1984) (where the debtor's plan provided that all property, tangible and intangible, be transferred to Richard Davis and the court found the debtor's attorney/client privilege could be claimed by a "successor" corporation). The trustee must determine whether to invoke or waive those privileges depending upon the effect of the trustee's ability to realize benefit, if any, to the causes of action transferred to the liquidating trust under the joint plan. The liquidating trustee now controls the power to waive or invoke the evidentiary privileges that arise in connection with the causes of action transferred to the liquidating trust under Article 25.5 of the confirmed plan. With his bankruptcy petition, Williams the individual relinquished control over his evidentiary privileges made in connection with potentially avoidable transfers to Williams, the debtor in possession, a fiduciary for the bankruptcy estate. That fiduciary relinquished control over the evidentiary privileges upon the effectiveness of the confirmed plan's transfer of the avoidance causes of action to the liquidating trust. In exchange, Williams, the individual debtor, received a discharge of over $100 million of unsecured debt.

An individual debtor may suffer adverse effects if someone other than the individual controlled the attorney/client or accountant/client privileges. *In re Silvio de Lindegg Ocean Developments of America, Inc.,* 27 B.R. 28 (Bankr.S.D.Fla.1982). One of the purposes of the privileges is to protect the client, here the debtor Williams, in confidential communications made to his attorney or accountant in his professional status. The exercise of the privileges under the facts of the Williams case can have no adverse effect on Williams, although there is a a potentially adverse effect on Williams' family members. The Code does not protect a debtor's insiders or affiliates from facing potential avoidance litigation. To the contrary, the Code gives the bankruptcy fiduciary causes of action to avoid transfers to insiders. The liquidating trustee is not seeking to exercise control over evidentiary privileges pertaining to litigation to avoid a discharge. Nor is this a case where a liquidating trust is purporting to exercise control over any constitutional privilege, such as that preserved for individuals by the Fifth Amendment to the United States Constitution. Rather, this is a case limited to a liquidating trust of an insolvent individual debtor exercising con-

trol over evidentiary privileges in connection with avoidance and other causes of action established under Chapter 5 of the Bankruptcy Code, transferred by the fiduciary debtor in possession to the liquidating trustee to act as representative of the estate under a confirmed plan of liquidation.

Based on this analysis,

**IT IS ORDERED** that Whyte's motion for summary judgment is **GRANTED**, and

**IT IS FURTHER ORDERED** that Williams' motion for summary judgment is **DENIED**.

Counsel for Whyte shall prepare a final judgment consistent with this order.